158 P.3d 1228 (2007)
STATE of Washington, Respondent,
v.
Joshua M. ICE, Appellant.
In re Personal Restraint Petition of Joshua M. Ice, Petitioner.
Nos. 34208-1-II, 35180-3-II.
Court of Appeals of Washington, Division 2.
May 22, 2007.
*1229 Thomas Edward Doyle, Hansville, WA, Patricia Anne Pethick, Tacoma, WA, for Appellant.
Joshua M. Ice (Appearing Pro Se), Monroe, WA, for Petitioner.
James C. Powers, Thurston County Prosecuting Attorney Office, Olympia, WA, for Respondent.

PART PUBLISHED OPINION
ARMSTRONG, P.J.
¶ 1 Joshua Ice appeals his convictions of vehicular homicide and vehicular assault, arguing that the State failed to fully inform him of the allegations against him because count II of the charging document failed to allege that his driving caused the victim's injuries. Ice also contends that the trial court erred in imposing substance abuse monitoring as a sentencing condition. Because the record shows that Ice understood both the charges and his plea, the defect in the information was merely technical and Ice is not entitled to dismissal of the vehicular assault charge. The State concedes, however, that we should reverse the sentencing condition. Therefore, we affirm his convictions, vacate the substance abuse monitoring condition, and remand for correction of the judgment and sentence.
¶ 2 Ice also filed a personal restraint petition requesting a new trial because of newly discovered evidence. Because Ice fails to show a manifest injustice that warrants withdrawal of his guilty plea, we deny the petition.

FACTS
¶ 3 Joshua Ice lost control of his car while driving at high speeds, swerved into the opposite lane, and crashed into an oncoming car. The accident killed his passenger, Stephanie White, and severely injured the woman in the other car, Rachel Gomez. The State charged Ice with vehicular homicide (count I) and vehicular assault (count II).
¶ 4 On count II, the State originally alleged that Ice "cause[d] substantial bodily harm to another, to-wit: RACHEL ONITHA GOMEZ, and did operate or drive a vehicle in a reckless manner and/or operate or drive a vehicle with disregard for the safety of others." Clerk's Papers (CP) at 68. After plea bargaining with Ice, the State removed the reckless driving allegations from both counts I and II. But the final amended information *1230 still contained the phrase "and/or." CP at 25. The resulting language read, "The above-named defendant did cause substantial bodily harm to another, to-wit RACHEL ONITHA GOMEZ, and/or did operate or drive a vehicle with disregard for the safety of others." CP at 25.
¶ 5 Ice pleaded guilty to both vehicular manslaughter and vehicular assault. He said that he understood the plea's conditions and the rights he relinquished in entering the plea. Ice also stipulated that the trial court could consider the facts in the certification of probable cause. The court accepted Ice's plea, imposed a sentence, and ordered substance abuse monitoring.
¶ 6 Following his sentencing, Ice moved to withdraw his guilty plea based on newly discovered evidence. Ice stated that he had found a new witness, but he did not tell the court what the witness would testify about. The court denied his motion.
¶ 7 Ice now appeals his conviction, asserting that the last amended information was invalid. Specifically, he contends that count II does not allege that his driving caused the victim's injuries; a necessary element of the charge. And, according to Ice, the problem is exacerbated because courts can read the "and/or" clause as alleging that he either caused injury to the victim or drove in disregard for the safety of others. Br. of Appellant at 3-6. Ice also argues that the trial court erred by imposing substance abuse monitoring where neither alcohol nor drugs played a part in his crime.
¶ 8 Ice also filed a personal restraint petition (PRP) asking us to reconsider his case in light of new evidence. Ice included in his PRP a signed affidavit from a new witness, Charles Godwin. Godwin claimed that although he and Ice were not acquainted at the time, he was driving a stolen vehicle right behind Ice on the night of the accident. Godwin states that Ice's car never swerved into the other lane and that "Ice didn't cause this car wreck. The other car collided with [his]." PRP Exhibit I at 3.

ANALYSIS

I. PERSONAL RESTRAINT PETITION/STATEMENT OF ADDITIONAL GROUNDS[1]
¶ 9 Ice filed a PRP asking us to vacate his conviction and grant him a new trial based on newly discovered evidence. Ice's statement of additional grounds (SAG) for review requests the same relief. Essentially, Ice asks us to allow him to withdraw his guilty plea because he discovered new evidence.
¶ 10 A petitioner who pleaded guilty and who subsequently seeks relief from personal restraint, on the basis of newly discovered evidence, must show that his plea was coerced or obtained in violation of due process. See In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 588, 9 P.3d 814 (2000). In other words, the petitioner must show a manifest injustice warranting withdrawal of his guilty plea. See State v. Mendoza, 157 Wash.2d 582, 587, 141 P.3d 49 (2006) (due process mandates a knowing, voluntary, and intelligent guilty plea and a court will allow withdrawal of the plea only to correct a manifest injustice) (citing In re Pers. Restraint of Isadore, 151 Wash.2d 294, 297, 88 P.3d 390 (2004) and CrR 4.2(f)).
¶ 11 In the context of an Alford[2] plea, a manifest injustice exists if the newly discovered evidence, when viewed in balance with the record, changes the factual basis for the plea. See State v. Dixon, 38 Wash.App. 74, 77, 683 P.2d 1144 (1984). A defendant who enters an Alford plea does not admit guilt; rather, he concedes that the State's evidence would likely result in a conviction. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Here, Ice pleaded guilty; he did not enter an Alford *1231 plea. In pleading guilty, Ice essentially admitted to the facts supporting the plea.
¶ 12 Several courts have stated that newly discovered evidence, in the form of a victim's recanted testimony, may constitute a manifest injustice warranting withdrawal of a guilty plea where the recanted testimony is the sole evidence supporting the conviction. See In re Pers. Restraint of Clements, 125 Wash.App. 634, 641, 106 P.3d 244, review denied, 154 Wash.2d 1020, 120 P.3d 548, cert. denied, 546 U.S. 1039, 126 S.Ct. 745, 163 L.Ed.2d 583 (2005) and State v. Arnold, 81 Wash.App. 379, 386-87, 914 P.2d 762 (1996). No Washington court has addressed whether newly discovered evidence, in the form of additional witness testimony, constitutes a manifest injustice warranting withdrawal of a guilty plea where the new testimony directly contradicts the evidence supporting the conviction.
¶ 13 In Arnold, the defendant pleaded guilty to two counts of fourth degree assault. Arnold, 81 Wash.App. at 381, 914 P.2d 762. Before sentencing, one of the alleged victims recanted her earlier statements and provided an affidavit stating that her statements to police were untrue. Arnold, 81 Wash.App. at 381, 914 P.2d 762. Arnold moved to withdraw his guilty plea, alleging a manifest injustice. Arnold, 81 Wash.App. at 382, 914 P.2d 762. The trial court denied the motion, and Division I of this court affirmed, holding that because (1) the defendant pleaded guilty (versus entering an Alford plea), (2) independent evidence supported the defendant's guilt, and (3) the defendant failed to persuade the trial court of the recantation's reliability or credibility, the trial court did not err in denying the defendant's motion to withdraw his plea. Arnold, 81 Wash.App. at 386-87, 914 P.2d 762.
¶ 14 Here, as in Arnold, independent evidence supports Ice's guilt. Ice submitted Charles Godwin's affidavit one-and-a-half years after the accident, and the affidavit contradicts the statements of three independent witnesses whose accounts were recorded shortly after the accident. The State included the three statements in its certification of probable cause. And in his statement on plea of guilty, Ice concedes that police reports and the certification of probable cause established a factual basis for his plea. None of the three witnesses mentioned seeing Godwin or his car, and their observations directly contradicted Godwin's testimony. Godwin's testimony would not change the factual basis that supports Ice's guilty plea. See Dixon, 38 Wash.App. at 77, 683 P.2d 1144.
¶ 15 Ice fails to show that he will suffer a manifest injustice if we do not allow him to withdraw his guilty plea.
¶ 16 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: HUNT and PENOYAR, JJ.
NOTES
[1] In his PRP, Ice asks the court to vacate his conviction and grant a new trial based on newly discovered evidence. Ice raises additional issues in the PRP's Reply Brief, particularly that he received ineffective assistance of counsel and was incompetent to make a guilty plea. Because Ice is limited in his reply brief to answering the respondent's brief, we decline to consider issues he raises for the first time in that reply.
[2] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).