192 P.3d 949 (2008)
In re the Personal Restraint Petition of Michael John REISE, Petitioner.
No. 34879-9-II.
Court of Appeals of Washington, Division 2.
September 16, 2008.
*952 Susan F. Wilk, Lila Jane Silverstein, Washington Appellate Project, Seattle, WA, for Petitioner.
Michael J. Reise, Clallam Bay, WA, pro se.
James C. Powers, Thurston County Prosecuting Attorney Office, Olympia, WA, for Respondent.
BRIDGEWATER, J.
¶ 1 Michael John Reise seeks relief from personal restraint to withdraw his straight guilty plea to second degree murder due to newly discovered evidence of a witness. We hold that under the general rule, a defendant pleading guilty (not by a Newton plea), renders irrelevant the question of whether the State could have proved guilteither that the newly discovered evidence would change the result or is not sufficient. Thus, Reise's guilty plea generally bars a later collateral attack based on newly discovered evidence. And although a superior court must allow a defendant to withdraw a guilty plea whenever "necessary to correct a manifest injustice," we would only permit the withdrawal where the newly discovered evidence would destroy the factual basis for the plea as a manifest injustice. See CrR 4.2(f). Here, Reise bases his claim upon an alleged factual witness who would have been a witness presenting testimony supporting self-defense; it does not destroy Reise's choice to enter a straight guilty plea. Also, his claim of ineffective assistance of counsel fails. We deny his petition and affirm his conviction.

FACTS
¶ 2 On October 26, 2004, after an earlier physical altercation, Reise shot and killed Austin Hardison at the Bailey's Motor Inn. At the time, Reise managed the restaurant affiliated with the motel. After shooting Hardison, Reise left the scene and did not contact the police. He discarded the gun and the coat he had been wearing. When the police contacted him, Reise initially denied any dispute with Hardison. In a second statement, he admitted the dispute but denied using a gun. In a third statement, he admitted the shooting but claimed he acted in self-defense. Specifically, Reise said that he intended to detain Hardison for assaulting him earlier but shot Hardison when Hardison advanced on him brandishing a club or walking stick, refusing to stop even though Reise was displaying a gun. Various witnesses saw or heard parts of the earlier fight and the fatal confrontation. Toxicology reports revealed Hardison was under the influence of drugs. There was also evidence that he was visiting the motel in an effort to obtain drugs. Witnesses reported that Reise was under the influence of alcohol.
¶ 3 The State initially charged Reise with first degree premeditated murder with a firearm enhancement. Reise hired a lawyer, James Dixon, to represent him. After negotiations, Reise pleaded guilty to second degree intentional murder with no firearm enhancement. In doing so, Reise did not deny factual guilt in a Newton[1] guilty plea; instead he admitted facts matching the elements of the crime charged, stating: "On October 26, 2004, in Thurston County, Washington, I intentionally shot, and caused the death of, AUSTIN G. HARDISON," State's Response to PRP (appendix C at 6Statement of Defendant on Plea of Guilty).
¶ 4 Both the guilty plea form and the sentencing court told Reise that the court was not bound by the agreed 156-month sentencing recommendation but could instead impose any sentence within the 123-to 220-month standard range. Neither the guilty plea form nor the court discussed Reise's eligibility to earn good time or eligibility for parole.
*953 ¶ 5 At sentencing, both parties indicated that the uncertainty surrounding Reise's potential self-defense claim led them to settle. Though it believed Reise's post-shooting actions disproved self-defense, the State indicated it could not definitively establish Hardison's precise actions immediately before Reise shot him. Reise's lawyer, Dixon, indicated that he and his investigator had interviewed all witnesses in the police reports as well as additional witnesses. He told the court that many of the witnesses were under the influence of drugs or alcohol at the time of the shooting and that they provided conflicting versions of events. Dixon further indicated that Reise had a viable self-defense claim but that it was badly hindered by his post-shooting actions. The sentencing court imposed a 180-month sentence, above the agreed recommendation but within the standard range. Reise did not appeal. But he later filed this personal restraint petition (PRP) on March 10, 2006.
¶ 6 In his PRP, Reise contended that newly discovered evidence, a witness declaration supporting his self-defense claim, requires withdrawal of his guilty plea. He also sought to withdraw his guilty plea, alleging that he pleaded guilty involuntarily and his lawyer ineffectively represented him. We determined that the issue of whether Reise's straight guilty plea barred his newly discovered evidence claim was not a frivolous one. Accordingly, we referred Reise's petition to a panel of judges for a determination on the merits. We also appointed an attorney to represent Reise on appeal.

ANALYSIS

PERSONAL RESTRAINT PETITION STANDARDS
¶ 7 When, as here, a personal restraint petitioner has or could have sought previous judicial review, we will not consider the merits of claimed constitutional error unless the petitioner demonstrates actual prejudice. In re Pers. Restraint of Isadore, 151 Wash.2d 294, 298-99, 88 P.3d 390 (2004); In re Pers. Restraint of Rice, 118 Wash.2d 876, 884, 828 P.2d 1086, cert. denied sub nom., Rice v. Washington, 506 U.S. 958, 113 S.Ct. 421, 121 L.Ed.2d 344 (1992). We will not consider claimed non-constitutional error unless the petitioner establishes "that the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." In re Pers. Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).
¶ 8 A personal restraint petitioner must state "with particularity facts which, if proven, would entitle him to relief." In re Rice, 118 Wash.2d at 886, 828 P.2d 1086. Bald assertions and conclusory allegations alone are insufficient. RAP 16.7(a)(2)(i); In re Rice, 118 Wash.2d at 886, 828 P.2d 1086. Further, a "petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." In re Rice, 118 Wash.2d at 886, 828 P.2d 1086. Claims as to what others would say must be supported by "their affidavits or other corroborative evidence" consisting of competent and admissible evidence. In re Rice, 118 Wash.2d at 886, 828 P.2d 1086. The petitioner cannot satisfy this evidentiary support requirement with inadmissible hearsay or the petitioner's own speculation and conjecture. In re Rice, 118 Wash.2d at 886, 828 P.2d 1086. The State must respond to a properly supported petition with its own competent evidence; if its response reveals disputed material issues of fact, then we generally order a reference hearing or a determination on the merits in superior court. In re Rice, 118 Wash.2d at 886-87, 828 P.2d 1086; See also RAP 16.9, 16.11(a), (b), 16.12.

NEWLY DISCOVERED EVIDENCE
¶ 9 Reise seeks withdrawal of his guilty plea and a new trial based on newly discovered evidence. He relies on the written certificate of Kenneth Gillaspie, which recites that Gillaspie lived and worked at the motel, observed Hardison advance on Reise with a club, and observed Reise shoot Hardison in self-defense.[2] Gillaspie's certificate also explains that because there was a warrant *954 for his arrest, he fled the scene and tried to avoid answering any questions. According to the certificate, later that night, a Lacey police officer, apparently securing the hotel perimeter, asked Gillaspie his name and where he lived at the motel but asked no other questions. Gillaspie successfully avoided anyone discovering he was a witness and no one ever questioned him about what he saw. Gillaspie provided this information only after he met Reise in jail in early 2006.
¶ 10 To obtain relief in a personal restraint petition, based on newly discovered evidence under RAP 16.4(c)(3), Reise must satisfy the traditional five-factor test for obtaining a new trial based on newly discovered evidence. See In re Pers. Restraint of Lord, 123 Wash.2d 296, 319-20, 868 P.2d 835, cert. denied, 513 U.S. 849, 115 S.Ct. 146, 130 L.Ed.2d 86 (1994); State v. Harper, 64 Wash. App. 283, 291-93, 823 P.2d 1137 (1992). That is, Reise must demonstrate:
that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.
State v. Williams, 96 Wash.2d 215, 223, 634 P.2d 868 (1981). Here, Reise contends that Gillaspie's certificate meets all of these criteria, including that Gillaspie's potential testimony could not have been discovered prior to his guilty plea.
¶ 11 Factors one through three and factor five presume or require that the challenged conviction was the result of a trial, not a guilty plea. The factors are difficult, if not impossible to apply when the moving party pleaded guilty instead of standing trial. And there are few published appellate decisions analyzing a newly discovered evidence claim as a basis to vacate or withdraw a straight guilty plea.[3] Only one of these cases granted relief. State v. D.T.M., 78 Wash.App. 216, 219-21, 896 P.2d 108 (1995).[4] Authority is lacking because a straight guilty plea generally precludes any challenge to the defendant's factual guilt.
¶ 12 A valid plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt. See Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); State v. Saylors, 70 Wash.2d 7, 9, 422 P.2d 477 (1966); In re Pers. Restraint of Bybee, 142 Wash.App. 260, 268, 175 P.3d 589 (2007). This is because a defendant who pleads guilty admits factual and legal guilt for the charged crime. See e.g., United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). The guilty plea thus provides a sufficient and independent factual basis for conviction and punishment. See Haring v. Prosise, 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); Menna, 423 U.S. at 63 n. 2, 96 S.Ct. 241. A claim that the potential trial evidence, never presented because the defendant pleaded guilty, would have been constitutionally insufficient is therefore irrelevant and precluded by the guilty plea. See State v. Carrier, 36 Wash.App. 755, 757-58, 677 P.2d 768 (1984). Here, Reise's newly discovered evidence claim essentially challenges the sufficiency of the potential trial evidence.
*955 ¶ 13 In Washington, a defendant pleading guilty specifically waives the presumption of innocence, the right to remain silent, and the right to force the State to prove guilt beyond a reasonable doubt at a trial. CrR 4.2(g)(5)(e). A guilty plea also waives the right to test the State's trial evidence by cross-examining State witnesses or presenting defense witnesses. CrR 4.2(g)(5)(d). Accordingly, Reise waived all of these rights, both in writing and during a colloquy with the superior court.
¶ 14 Any defendant, including Reise, who waives these rights and enters a straight guilty plea gives up the right to force the State to prove guilt and to challenge the State's evidence of guiltby calling defense witnesses or otherwise. In re Bybee, 142 Wash.App. at 268, 175 P.3d 589. In doing so, a defendant who pleads guilty assumes the risk that the State's potential trial evidence will weaken: a State witness might not attend trial, might move away, might die; a new exculpatory witness might come forward; or new laboratory tests might be less conclusive. See In re Bybee, 142 Wash.App. at 268, 175 P.3d 589. The passage of time always changes the quantity and quality of potential State's evidence; sometimes it becomes stronger, sometimes weaker. But by pleading guilty, the defendant gives up the right to force the State to prove its case with the potential evidence, weak or strong, and instead provides an alternate sufficient factual basis for guilt. In re Bybee, 142 Wash. App. at 268, 175 P.3d 589.
¶ 15 By pleading guilty, a defendant renders irrelevant the question of whether the State could have proved guilt. In re Bybee, 142 Wash.App. at 268, 175 P.3d 589. A claim that newly discovered evidence will probably change the resultfactor oneis the same as claiming the State could not now prove guilt or the same as claiming the evidence is no longer sufficient to prove guilt. Both such claims are rendered irrelevant by the guilty plea. And a guilty plea thus generally bars a later collateral attack based on newly discovered evidence. See In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 588, 9 P.3d 814 (2000).[5]
¶ 16 But a superior court must allow a defendant to withdraw a guilty plea whenever "necessary to correct a manifest injustice." CrR 4.2(f); State v. Taylor, 83 Wash.2d 594, 596, 521 P.2d 699 (1974). A manifest injustice is one "that is obvious, directly observable, overt, not obscure." Taylor, 83 Wash.2d at 596, 521 P.2d 699. There are four non-exclusive per se indicia of manifest injustice,[6] but newly discovered evidence does not fall within any of them. Taylor, 83 Wash.2d at 597, 521 P.2d 699.
¶ 17 One Washington case has held that a manifest injustice exists when (1) the defendant does not admit facts establishing guilt, but instead enters a Newton guilty plea in which the court finds a factual basis for the plea from a source other than the defendant and (2) the newly discovered evidence is a recantation that eliminates the entire factual basis for the guilty plea. D.T.M., 78 Wash. App. at 219-21, 896 P.2d 108. Subsequent cases have distinguished D.T.M., refusing to find a manifest injustice when the defendant admitted guilt, when the new evidence is not a recantation, or when additional evidence still provides a factual basis for the guilty plea. See, e.g., In re Pers. Restraint of Clements, 125 Wash.App. 634, 641-45, 106 P.3d 244, review denied, 154 Wash.2d 1020, 120 P.3d 548, cert. denied, 546 U.S. 1039, 126 S.Ct. 745, 163 L.Ed.2d 583 (2005); State v. Arnold, 81 Wash.App. 379, 386-87, 914 P.2d 762 (1996) (holding that despite victim's recanted statement, there was sufficient, unrecanted factual support for the petitioner's straight guilty plea), review denied, 130 Wash.2d 1003, 925 P.2d 989 (1996).
*956 ¶ 18 The general rule is thus that any valid guilty plea bars collateral attack based on newly discovered evidence, just as a guilty plea bars other attacks on the facts or evidence supporting conviction. See Menna, 423 U.S. at 62, 96 S.Ct. 241; State v. Knight, 162 Wash.2d 806, 811, 174 P.3d 1167 (2008). "A petitioner who pleaded guilty and who subsequently seeks relief from personal restraint, on the basis of newly discovered evidence, must show that his plea was coerced or obtained in violation of due process. In other words, the petitioner must show a manifest injustice warranting withdrawal of his guilty plea." State v. Ice, 138 Wash.App. 745, 748, 158 P.3d 1228 (2007) (citation omitted), review denied, 163 Wash.2d 1008, 180 P.3d 784 (2008). Such would be the case in the event of newly discovered DNA evidence demonstrating the innocence of the defendant, as the State concedes; but this category of newly discovered evidence is extremely limited. For example, newly discovered DNA evidence demonstrating innocence would change the factual basis for the plea.
¶ 19 But, newly discovered evidence is not a per se manifest injustice requiring withdrawal of a guilty plea. See Ice, 138 Wash.App. at 748, 158 P.3d 1228. A defendant or petitioner may only withdraw a guilty plea based on newly discovered evidence by demonstrating an obvious and directly observable injustice. See Taylor, 83 Wash.2d at 596, 521 P.2d 699; Ice, 138 Wash.App. at 750, 158 P.3d 1228.
¶ 20 Reise's newly discovered evidence claim is barred under the general rule. His guilty plea provides an independent and sufficient factual basis for his conviction and claims regarding changes to the potential trial evidence are simply irrelevant; the alleged evidence does not destroy Reise's choice to enter a straight guilty plea.[7] Nor does he demonstrate that enforcing his plea will cause manifest injustice like that in D.T.M.; we decline to extend D.T.M. beyond its unique facts.[8] Reise pleaded guilty, admitting that his conduct satisfied the elements of second degree murder. The newly discovered evidence is not a recantation and does not eliminate the factual basis for his guilty plea. Enforcing the guilty plea under these circumstances does not cause an obvious and directly observable injustice.[9] Accordingly, we dismiss Reise's ground for relief based on newly discovered evidence.[10]

INEFFECTIVE ASSISTANCE OR INVOLUNTARY GUILTY PLEA
¶ 21 Reise also seeks to withdraw his guilty plea because he claims he pleaded guilty based on inaccurate advice from his lawyer, Dixon. He claims that Dixon told him that (1) the court would impose the agreed 156-month sentence, (2) he was eligible for 33 percent good time, and (3) he would be eligible for parole after approximately three years. Instead, the sentencing court imposed a 180-month sentence. Further, Reise alleges that he is only eligible for 10 percent good time, and there is no parole for his determinate sentence. Reise has submitted certificates or affidavits from himself, his "common law wife," and his son, all supporting his claims. PRP at appendix B. Dixon, in a letter to the Washington State Bar *957 Association, has denied providing the advice at issue.
¶ 22 As noted above, Reise is entitled to withdraw his plea only if he demonstrates that doing so is necessary to avoid a manifest injustice. If he can demonstrate that he pleaded guilty involuntarily or that ineffective assistance of counsel[11] caused him to plead guilty, he has demonstrated a manifest injustice. See Taylor, 83 Wash.2d at 597, 521 P.2d 699.
¶ 23 A guilty plea is constitutionally involuntary when a defendant is misinformed about a direct consequence of pleading guilty. State v. Mendoza, 157 Wash.2d 582, 587-88, 591, 141 P.3d 49 (2006); In re Isadore, 151 Wash.2d at 300, 88 P.3d 390. A direct consequence of pleading guilty is one having a definite, immediate, and largely automatic effect on the sentence. State v. Ross, 129 Wash.2d 279, 284, 916 P.2d 405 (1996). Consequences that are not "automatically imposed" by the sentencing court, that do not "automatically enhance" the sentence, or that do "not alter the standard of punishment" are collateral. State v. Ward, 123 Wash.2d 488, 513-14, 869 P.2d 1062 (1994). Because a defendant need not be informed of all possible collateral consequences, misinformation about a collateral consequence does not make a guilty plea involuntary per se. In re Isadore, 151 Wash.2d at 298, 88 P.3d 390. But affirmative misinformation about a collateral consequence may nevertheless create a manifest injustice if the defendant materially relied on that misinformation when deciding to plead guilty. State v. Conley, 121 Wash.App. 280, 285, 87 P.3d 1221 (2004); State v. Stowe, 71 Wash.App. 182, 187-89, 858 P.2d 267 (1993).
¶ 24 When a defendant or petitioner challenges a guilty plea based on a claim of ineffective assistance of counsel, he or she must meet both prongs of the Strickland v. Washington[12] test. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); In re Pers. Restraint of Riley, 122 Wash.2d 772, 780, 863 P.2d 554 (1993). Therefore, Reise must demonstrate that his lawyer's representation fell below an objectively measured standard of reasonableness. Hill, 474 U.S. at 57, 106 S.Ct. 366; In re Clements, 125 Wash.App. at 646, 106 P.3d 244. Reise must also demonstrate prejudice. To do so, he must show that his lawyer's "constitutionally ineffective performance affected the outcome of the plea process" by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366; accord In re Riley, 122 Wash.2d at 780-81, 863 P.2d 554. Inaccurate advice about a collateral consequence may be prejudicial when it causes a defendant to plead guilty. See Stowe, 71 Wash.App. at 189, 858 P.2d 267.
¶ 25 Reise's first claim, that he was misinformed about the length of his sentence, fails. Even if Dixon inaccurately told Reise that the sentencing court was bound by the 156-month recommendation, the guilty plea statement and the court itself told Reise that the court could impose any sentence within the standard range. He was correctly informed about this consequence before he pleaded guilty. For the same reason, Reise cannot demonstrate prejudice from Dixon's purported deficient performance.
¶ 26 The amount of potential good time Reise could earn while serving his sentence is a collateral consequence, as the Department of Corrections, not the sentencing court, awards good time on a discretionary basis, based on eligibility rules and statutes that are subject to change. See Conley, 121 Wash.App. at 286, 87 P.3d 1221. Reise's absolute ineligibility for parole would be a direct consequence. See Conley, 121 Wash. App. at 286, 87 P.3d 1221. But for crimes *958 committed after July 1, 1984, parole is not an option. Under the Sentencing Reform Act,[13] the legislature did not repeal the parole system, but it made it inapplicable to those committing felonies after 1984. RCW 9.95.900; Addleman v. Bd. of Prison Terms & Paroles, 107 Wash.2d 503, 507, 730 P.2d 1327 (1986).
¶ 27 Reise documents his factual allegations with a self-serving affidavit. Dixon denied all claims. Reise attempts to document his claims through affidavits by his wife and son, but they are deficient. The wife's affidavit includes the following phrasing: that "[u]pon information and belief, from the information explained to me by Mr. DIXON, it was my understanding...." PRP at appendix B. The son's affidavit includes nearly identical phrasing: "[u]pon information and belief, it was my understanding...." PRP at appendix C. Reise indicates, through his self-serving affidavit, that he was willing to plead guilty only if assured of an approximately three-to-five-year prison term; if the potential sentence was any longerno matter how much longerhe desired trial. As in Taylor, the affidavits of Reise's wife and son do not disclose Dixon's words on which they made the assumptions. See Taylor, 83 Wash.2d at 598, 521 P.2d 699.
¶ 28 Reise thus does not make a prima facie showing that his lawyer misinformed him about two consequences. He does not meet the "demanding standard" or his burden under the manifest injustice requirement. See Taylor, 83 Wash.2d at 597-98, 521 P.2d 699; Ice, 138 Wash.App. at 748, 158 P.3d 1228. We note that neither the plea form nor the court's colloquy provided information about Reise's ability to earn good time or eligibility for parole, and the allegation that Dixon, a criminal defense lawyer with 15 years experience, told him that there was a parole system in Washington is so outrageous that it is not credible on its face. We can resolve the petition solely on the current record and see no reason to remand for a reference hearing in superior court to resolve the disputed factual issues when the disputed facts arise only from a self-serving affidavit of the defendant, containing obvious fanciful declarations. See RAP 16.11(b), 16.12.
¶ 29 Nothing in the record before us shows that the withdrawal of Reise's guilty plea is necessary to correct a manifest injustice.
¶ 30 We deny Reise's personal restraint petition and affirm his conviction.
We concur: QUINN-BRINTNALL, J., and VAN DEREN, C.J.
NOTES
[1] State v. Newton, 87 Wash.2d 363, 552 P.2d 682 (1976).
[2] While not conceding Reise is entitled to relief, the State does concede that if Gillaspie so testified, his testimony would not be merely cumulative of other potential witnesses nor merely impeachment of other potential testimony.
[3] See In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 588-89, 9 P.3d 814 (2000); In re Pers. Restraint of Clements, 125 Wash.App. 634, 640-45, 106 P.3d 244, review denied, 154 Wash.2d 1020, 120 P.3d 548, cert. denied, 546 U.S. 1039, 126 S.Ct. 745, 163 L.Ed.2d 583 (2005); State v. Arnold, 81 Wash.App. 379, 385-87, 914 P.2d 762, review denied, 130 Wash.2d 1003, 925 P.2d 989 (1996); State v. D.T.M., 78 Wash.App. 216, 219-21, 896 P.2d 108 (1995); State v. Dixon, 38 Wash.App. 74, 76-77, 683 P.2d 1144, review denied, 103 Wash.2d 1003 (1984). The recent Ice opinion noted the lack of cases analyzing non-recantation new evidence used to challenge straight guilty plea: "No Washington court has addressed whether newly discovered evidence, in the form of additional witness testimony, constitutes a manifest injustice warranting withdrawal of a guilty plea where the new testimony directly contradicts the evidence supporting the conviction." State v. Ice, 138 Wash.App. 745, 749, 158 P.3d 1228 (2007), review denied, 163 Wash.2d 1008, 180 P.3d 784 (2008).
[4] As discussed below, D.T.M. granted relief only because the defendant pleaded guilty under Newton, and the newly discovered evidence was the sole victim's recantation, potentially removing the only factual basis for the guilty plea. D.T.M., 78 Wash.App. at 220, 896 P.2d 108.
[5] The Crabtree court quoted with approval from a Court of Appeals dismissal order when it rejected a newly discovered evidence challenge to a guilty plea: "Furthermore, because he pleaded guilty, his argument is without merit." In re Crabtree, 141 Wash.2d at 588, 9 P.3d 814.
[6] The four per se indicia of manifest injustice are "(1) denial of effective counsel, (2) plea ... not ratified by the defendant or one authorized [by him] to do so, (3) plea was involuntary, (4) plea agreement was not kept by the prosecution." Taylor, 83 Wash.2d at 597, 521 P.2d 699 (internal quotations omitted).
[7] Therefore, we need not decide whether Reise satisfies the five-factor, newly discovered evidence rule.
[8] Because D.T.M. is distinguishable on its facts, we need not decide whether it correctly assigns different consequences and remedies when a defendant pleads guilty without admitting guilt as opposed to when a defendant pleads guilty and admits guilt.
[9] In his second supplemental brief, Reise relies on In re Personal Restraint of Delmarter, 124 Wash.App. 154, 101 P.3d 111 (2004), review denied, 154 Wash.2d 1024, 120 P.3d 577 (2005), for the proposition that we have authority to remand for a reference hearing to determine the reliability of newly discovered evidence and its potential effect on the result. But we need not remand for a reference hearing because we conclude that there is an independent factual basis supporting Reise's plea. In re Delmarter, 124 Wash.App. at 166-67, 101 P.3d 111.
[10] Reise's primary argument regarding Gillaspie's testimony is that it is newly discovered and could not have been discovered before he pleaded guilty. In later briefing, Reise appears to briefly argue that his lawyer ineffectively assisted him by failing to interview Gillaspie. This claim contradicts Reise's primary claim that Gillaspie could not have been discovered, and we decline to consider it.
[11] In a reply to the State's supplemental response, Reise also argues that Dixon failed to inform him of an offer to plead guilty to manslaughter instead of murder. Reise bases this claim on the sentencing transcript provided by the State. But that transcript instead reveals that Dixon sought a manslaughter offer, the State was unwilling to ever agree to manslaughter, and that the case settled only when Dixon indicated a willingness to consider offers other than manslaughter.
[12] 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[13] Chapter 9.94A RCW.