IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79082-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHANE RICHARD ENGBERG, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — Shane R. Engberg was convicted at trial of rape in the second degree, assault in the second degree, unlawful imprisonment, felony harassment, and witness tampering—all of which included a domestic violence designation. In a bifurcated proceeding, the jury further found the statutory domestic violence aggravating factor applied to all five counts. Engberg argues the trial court improperly admitted ER 404(b) evidence regarding a prior conviction which he directly implicated in his threats to the victim. He also argues the court erred in denying his modified jury instruction and that the domestic violence aggravator statute is void for vagueness. The trial court did not abuse its discretion as to the admission of prior bad act evidence or denial of the modified jury instruction and binding precedent defeats Engberg's vagueness challenge to the aggravator statute. We affirm.

Citation and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

On December 6, 2017, Shane Engberg and M. C. began arguing while out at a restaurant. This argument continued when they returned home and escalated to the point that Engberg refused to let M.C. leave. Eventually he choked her by the neck and threatened to kill M.C., her 12-year old son, and anyone else she loved. Engberg had previously been convicted of attempted assault of a child in the first degree. M.C. had been informed of this conviction by Engberg's assigned Community Corrections Officer, pursuant to his Department of Corrections supervision. During the dispute, Engberg told M.C. if he had done that to his own daughter, to "imagine what he would do" to M.C. and the ones she loved.

M.C. struggled to leave but Engberg continued to grab and push her. M.C. eventually convinced Engberg to allow her to go to the bathroom and on the way, she retrieved Engberg's cell phone. M.C. called her son to have her ex-husband come get her. When she returned to Engberg, he strangled M.C. to the point she almost passed out, and continued to assault her. Engberg vaginally penetrated M.C. with a water bottle and repeated his threats to her, referencing his prior conviction. As the assault continued, M.C.'s son was outside the room, asking if she was OK. Engberg eventually allowed M.C. to go downstairs to tell her son and ex-husband to leave.

When M.C.'s ex-husband saw her injuries and visible fear, he told their son to call 911. King County Sheriff's deputies arrived and Engberg fled into the house. He locked the door and acted as if no one was home. M.C. showed visible signs

of violence and informed the deputies of what had happened, but she declined medical attention. She did provide a statement to law enforcement.

On December 28, 2017, a warrant was issued for Engberg's arrest and he was arrested as he arrived home with M.C., who continued living with him. Engberg was charged with rape in the second degree, assault in the second degree, unlawful imprisonment, felony harassment, and witness tampering. All charges included a domestic violence designation and an aggravating factor that the conduct was part of an ongoing pattern of psychological, physical or sexual abuse. While the case was pending, M.C. made a recanting statement to law enforcement, but ultimately testified at trial consistent with her original statement at trial.

Engberg's trial was bifurcated between the guilt phase and the aggravator. Engberg was found guilty as charged at trial and the jury found that the domestic violence aggravator applied to all five counts. The court imposed an indeterminate sentence of 280 months to life in prison. Engberg timely appealed.

ANALYSIS

I.      Admission of ER 404(b) Prior Bad Act Evidence

Engberg first argues that the court improperly admitted evidence of prior bad acts. His briefing acknowledges that the court admitted both his conviction for attempted assault of a child in the first degree for an incident involving his daughter and allegations of prior abuse of M.C. under ER 404(b). However, he only challenges the admission of the conviction involving his daughter. We review a trial court's admission of evidence for abuse of discretion. State v. Magers, 164

Wn.2d 174, 181, 189 P.3d 126 (2008). "When a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons, an abuse of discretion exists." State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

"ER 404(b) is a categorical bar to admission of evidence for the purpose of proving a person's character and showing that the person acted in conformity with that character." State v. Gresham, 173 Wn.2d 405, 420, 269 P.3d 207 (2012). "The same evidence may, however, be admissible for any other purpose, depending on its relevance and the balancing of its probative value and danger of unfair prejudice." Id. (Emphasis in original). As such, the court must engage in careful analysis when determining admissibility of such evidence:

> To admit evidence of other wrongs, the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.

State v. Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002). The trial court's prior bad act analysis under ER 404(b) must be conducted on the record. State v. Foxhaven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007).

Here, Engberg argues the evidence of his prior attempted assault of a child in the first degree conviction was more prejudicial than probative. For this argument Engberg relies on State v. Gunderson to aver that the court's balancing was improper since the prior conviction was a domestic violence charge. 181 Wn.2d 916, 337 P.3d 1090 (2014). However, Gunderson is not instructive here. Gunderson did involve evidence of the defendant's prior domestic violence

convictions. Id. at 923. There, however, the trial court had admitted the prior convictions to impeach a victim's testimony that she had never been assaulted. Id. at 920. Critical to the analysis in Gunderson was that the victim's testimony had been consistent since the crime was initially reported. Id. at 924-25. This was not a case in which the prior conviction was being admitted to prove an element of the crime and is therefore distinguishable.

Here, the trial court provided its analysis on the record as to the necessary steps in determining admissibility. The first step is finding by a preponderance of the evidence that the conduct occurred. Neither party challenges the court's finding as to this step of the test. Furthermore, a guilty plea is an admission of factual guilt. In re Pers. Restraint Petition of Reise, 146 Wn. App. 772, 782, 192 P.3d 949 (2008). Engberg's plea to this earlier crime was provided to the trial court here and is contained in the record on appeal. This first step is properly established.

The second step is to identify the purpose for which the evidence is being introduced. The State offered it to prove the element of reasonable fear as to the felony harassment charge and to prove the intimidation element of the unlawful imprisonment charge. The prior conviction was also being offered as res gestae, to help provide context for the threat M.C. testified Engberg made, that if he had done what he did to his own daughter, "just imagine what he would do to [M.C.] and the ones that [she] love[s]." This threat was the underlying factual basis for two charges, felony harassment and unlawful imprisonment, for which Engberg

was tried. The trial court properly identified why the prior conviction was being offered into evidence.

The third step in examining admissibility is for the trial court to determine whether the evidence is relevant to prove an element of the crime(s) charged. Here, the State argued that the prior conviction was relevant to prove an essential element of each of two serious felonies of the five for which Engberg was being tried. The trial court agreed; the oral ruling emphasized that this evidence was highly probative as to a determination of whether M.C.'s fear was reasonable. Intuitively, M.C.'s knowledge of this prior conviction goes to the reasonableness of her belief that Engberg would carry out his threats against her. For these same reasons, it is relevant to the intimidation element of the unlawful imprisonment charge. The trial court properly determined that the prior conviction was directly relevant to prove elements of two of the charges.

The final step in the analysis is to weigh the probative value of the evidence against the prejudicial effect it may have. Here, the court clearly weighed the probative nature against the potential for prejudice, which is illustrated by the discussion on the record as to how to sanitize the prior conviction for the jury. Additionally, the record indicates the concerns of prejudice were an instrumental reason for the ruling to bifurcate the guilt and aggravator phases of the trial. Given the court's ruling on relevance, this was a thoughtful means of reducing the potentially prejudicial effect of the evidence. The final step in the ER 404(b) analysis is satisfied.

Engberg has not met his burden of proving that the trial court abused its discretion by admitting the prior bad act evidence. Further, it is a challenge to reconcile the fact that Engberg relied on his conviction to provide credibility to the threats he made against M.C. and then argue at trial that the prejudicial effect outweighs the probative value as to the elements of the charges stemming from those threats. We affirm the trial court's ruling on admissibility of this prior bad act evidence under ER 404(b).

II.    Denial of Defense's Proposed Jury Instruction

Engberg next argues that his due process rights were violated by the court declining to include the phrase "if you find it reliable" in a jury instruction regarding the ER 404(b) evidence that was admitted. We disagree.

If prior bad act evidence is admitted under ER 404(b), the trial court must give a limiting instruction to the jury. Gunderson, 181 Wn.2d at 923. "We review a trial court's rejection of a party's jury instruction for an abuse of discretion." City of Seattle v. Pearson, 192 Wn. App. 802, 820, 369 P.3d 194 (2016). Jury instructions are sufficient if they permit the parties to argue their theories of the case, do not mislead the jury, and properly convey the applicable law to the jury. Id. at 821.

Here, Enberg's proposed jury instruction was as follows:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of a prior conviction for attempted assault of a child, allegations of prior assaults by Mr. Engberg upon [M. C.], including on November 27, 2018, allegations that Mr. Engberg broke cell phones belonging to [M. C.], that he locked her social media accounts, and didn't allow her to be alone. This evidence, if you find it reliable, may be considered by you only for the purpose of determining whether [M. C.] was placed in reasonable fear that the defendant would carry out alleged threats, and to assess

[M. C.]'s credibility in light of her different statements. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

(Emphasis added). This final instruction proposed by Engberg was a slight, but significant, modification of Washington Pattern Jury Instructions (WPIC) 5.30. The judge denied Engberg's request for this customized limiting instruction out of concern that the added phrase "if you find it reliable" could be considered a comment on the evidence and that it was not a correct statement of the law. Though Engberg makes claims of due process violations, he cites no support for that proposition.

During trial, when Engberg's prior conviction came up in testimony, the court gave the oral limiting instruction provided by the defense, without objection from the State. The instruction provided:

Jurors, I have this instruction to read to you. I'm allowing this evidence, but you may consider the answers only for the purpose of determining whether [M. C.] was placed in reasonable fear that the defendant would carry out alleged threats and to assess [M. C.]'s credibility in light of her recantations. You may not consider the answers for any other purpose.

This instruction was also given when testimony was presented regarding past abuse of M.C. by Engberg.

Engberg only challenges trial court's denial of his proposed final jury instruction; the modified WPIC 5.30 instruction. At the time he proposed the instruction, Engberg argued that the additional language was important to prompt the jurors to consider the reliability of the evidence. "[T]he general rule is that the trial court may properly refuse to give the requested instruction if it is incorrect." Gresham, 173 Wn.2d at 424. In Gresham, our supreme court found error when

- 8 -

the trial court rejected a 404(b) limiting instruction that was improper, but then gave no limiting instruction at all. Id. However, the Gresham court determined that such an error was harmless. Id. at 425.

In Engberg's case the trial court merely rejected the defense's proposed final limiting instruction based on concerns that the modification could be taken as a judicial comment on evidence, which would be improper. See WASH. CONST. art. IV § 16. The trial court gave Engberg's proposed oral limiting instruction which expressly raised consideration of M.C.'s credibility and the standard 5.30 WPIC. Engberg fails to provide the necessary support and analysis to argue the standard WPIC was not an accurate statement of the law. We hold the trial court did not abuse its broad discretion in rejecting Engberg's modified jury instruction.

III.     Denial of Defense Motion to Strike the Aggravator for Vagueness

Engberg's final argument is that the trial court improperly denied his motion to strike the aggravating factor that the offenses were part of an ongoing pattern of psychological, physical, or sexual abuse over a prolonged period of time. See RCW 9.94A.535(3)(h)(i). More specifically, Engberg argued in a pretrial hearing that the "ongoing pattern" aggravator was void for vagueness. Both at the trial court and now, Engberg focuses on the fact that State v. Baldwin, 150 Wn.2d 448, 78 P.3d 1005 (2003) is no longer binding precedent following Blakely v. Wash., 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004). The main issue presented is whether a defendant is still precluded from challenging the sentencing aggravators in RCW 9.94A.535(3) on vagueness grounds.

Engberg fails to address multiple recent opinions by this court that have provided guidance on this issue. We decline to overrule our recent precedent. The State correctly points out that this court has expressed that <u>Baldwin</u> is still good law as to the proposition that aggravators are not subject to vagueness challenges. <u>See</u> <u>State v. Brush</u>, 5 Wn. App.2d 40, 56-63, 425 P.3d 545 (2018); <u>See also</u> <u>State v. DeVore</u>, 2 Wn. App.2d 651, 660-65, 413 P.3d 58 (2018).

<u>Brush</u> explicitly states, "[w]e hold that <u>Baldwin</u> remains good law. Accordingly, we apply <u>Baldwin</u> and hold that Brush cannot assert a vagueness challenge to RCW 9.94A.535(3)(h)(i)." 5 Wn. App.2d at 63. <u>Brush</u> is directly on point, providing a thorough analysis of the defendant's vagueness challenge to RCW 9.94A.525(3)(h)(i) in light of <u>Blakely</u>. Engberg's briefing fails to acknowledge <u>Brush</u>. He does not offer the necessary support to confront his constitutional challenge or provide argument as to why we should not adhere to precedent. For these reasons, Engberg's argument is not well taken and, in reviewing <u>Brush,</u> we do not find any reason to doubt our decision there. As such, the court's denial of Engberg's pretrial motion challenging the aggravator as void for vagueness was proper.

Affirmed.

WE CONCUR:

- 10 -