# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 59919-8-II |
| JEFFREY A. POLAND, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J.—After a night of drinking, Jeffrey Poland was driving his truck when four shots were fired from the driver's side striking the driver of another car. Surveillance video showed Poland firing a gun from the driver's side of his truck. Poland drove away and then collided with a parked car, pushing it forward, pinning another person between two cars, and partially severing the victim's legs. Poland then brandished a gun at the injured victim and a bystander who was trying to help.

The State charged Poland with first degree attempted murder; two counts of first degree assault with a deadly weapon; two counts of second degree assault with a deadly weapon; and vehicular assault by driving under the influence. Poland was represented by retained counsel, who negotiated with the State, and the State filed an amended information reducing the charges to one count of first degree assault; one count of second degree assault; and one count of vehicular assault by driving under the influence. The State sought sentencing enhancements for use of a firearm and excessive bodily injury in both the original and amended information. Poland pleaded guilty to the reduced charges and was sentenced to 231 months confinement. Poland did not file a direct appeal.

Poland filed this timely personal restraint petition seeking release from confinement or a new trial based on newly discovered evidence and ineffective assistance of trial counsel. We deny the petition because Poland has not shown that he is entitled to relief.

FACTS

I. BACKGROUND

Poland agreed that the trial court could rely on the facts stated in the probable cause declaration for the factual basis of his guilty plea. According to the probable cause declaration, Poland was driving his black Toyota Tundra when four shots were fired from the vehicle, hitting victim T.V. in the neck, torso, and arm. Surveillance video showed Poland driving his truck until he was next to the car T.V. was driving, with the vehicles facing opposite directions such that the driver's windows were aligned. The surveillance video also showed that "the driver of the black Toyota, defendant Poland," fired four shots into T.V.'s car and the shooter was "a bald white male." State's Resp. Br., App. (App.) at 31. T.V.'s passenger, J.S., fled uninjured from T.V.'s car after the shooting, and Poland drove away.

Witnesses then saw Poland's truck swerving and fishtailing before colliding with a parked car, pushing it forward into Jake Rodgers. The collision pinned Rodgers between two cars and partially severed Rodgers' legs. Witnesses rushed to aid Rodgers. Poland then exited his car and pointed a gun at Rodgers and a witness who was trying to help him. Poland got back in his truck. Police arrived on the scene and Poland initially refused to comply when they ordered him out of the truck. Poland eventually produced two firearms, then threw them at officers' feet when ordered to drop them. One of the weapons was a 9mm semiautomatic handgun that officers believed was a match for the bullets removed from T.V.'s body.

2

Officers arrested Poland and observed that he was visibly intoxicated and smelled heavily of alcohol when placed in the patrol car. Rodgers was transported to the hospital where one of his legs was amputated and the other was reattached.

## II. PLEA DEAL

The State charged Poland with the attempted first degree murder of T.V. with a firearm enhancement; two counts of first degree assault of T.V. and J.S. with a deadly weapon with firearm enhancements; two counts of second degree assault with a deadly weapon with firearm enhancements; and the vehicular assault of Rodgers by driving under the influence with an excessive bodily harm enhancement. In support of the charges, the State filed a probable cause statement describing the charged assaults, witness accounts, and video footage as described above.

Poland hired retained counsel to represent him, and the attorney negotiated with the State. According to Poland, his attorney visited him in jail and "showed [Poland] the binders, thumbed through the pages, and read the Probable Cause statement," but did not provide Poland with a copy of the evidence against him. Pers. Restraint Pet. (PRP) at 6-7. Poland also maintains that the attorney declined his request to seek out additional forensic testing, did not offer to hire investigators or expert witnesses, and could not locate J.S. for an interview. Poland also says that he asked his attorney about certain aspects of the officers' body-worn camera footage and that his attorney told him, "'I must have missed that. I'll have to review my notes and the footage,'" but the attorney never revisited the matter to provide more information. PRP at 6.

After negotiations, the State filed an amended information charging Poland with the first degree assault of T.V. with a firearm enhancement; the vehicular assault of Rodgers by driving

under the influence with an excessive bodily harm enhancement; and one count of second degree assault with a deadly weapon with a firearm enhancement.

Poland accepted the plea deal and, in pleading guilty to the three remaining charges, Poland stipulated that the court could rely on the facts in the statement of probable cause as the factual basis for his guilty plea. As part of the plea agreement, Poland expressly gave up the right to present witness testimony and evidence at a trial. The court found Poland's plea was made knowingly and voluntarily and accepted the guilty plea at a hearing that was not transcribed for our consideration. Poland was sentenced to 231 months total confinement, equal to the highest standard-range sentence for the first degree assault of T.V. with a firearm enhancement, the most serious crime in the amended information.

### III. PERSONAL RESTRAINT PETITION

Poland did not file a direct appeal but filed this timely PRP seeking release from confinement or a new trial. Poland does not seek a reference hearing. Poland did not claim to be indigent and did not request assigned PRP counsel. The Chief Judge of this court determined that the issues in Poland's PRP are not frivolous and referred the petition to a panel of judges for determination on the merits. Ord. Referring to Panel (Oct. 3, 2024).

### ANALYSIS

### I. PRP PRINCIPLES

A PRP petitioner must show by a preponderance of the evidence either "a constitutional error that resulted in actual and substantial prejudice" or "a fundamental defect of a noncontitutional nature that inherently resulted in a complete miscarriage of justice." *State v. K.A.B.*, 14 Wn. App. 2d 677, 704, 475 P.3d 216 (2020). A petitioner must also specifically identify

the evidence available to support the factual allegations in the PRP. RAP 16.7(a)(2); *K.A.B.*, 14 Wn. App. 2d at 704. The petitioner must show that they have competent, admissible evidence to establish facts that would entitle them to relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). Conclusory allegations are insufficient and the factual allegations must be based on more than speculation and conjecture. *Id.*; *K.A.B.*, 14 Wn. App. 2d at 704.

If a petitioner "does not show actual prejudice for constitutional errors or a fundamental defect resulting in a miscarriage of justice for nonconstitutional errors, the petition must be denied." *K.A.B.*, 14 Wn. App. 2d at 704. But "if the petitioner has proved actual prejudice or a fundamental defect resulting in a miscarriage of justice, the petition should be granted." *Id.* Alternatively, "if the petitioner makes at least a prima facie showing but the merits of his or her contentions cannot be resolved solely on the record," we may remand for a full hearing on the merits or a reference hearing. *Id*. at 704-05.

## II. NEWLY DISCOVERED EVIDENCE

Poland argues that he is entitled to relief because after pleading guilty, he learned new information about certain data that could have been recorded on the date of the incident and stored by his truck's manufacturer, Toyota. Specifically, he asserts that his truck's onboard computer would have recorded what time each of the doors and windows were opened on the night of the incident. Poland also contends that he accepted the plea based on his lawyer's advice "that [he] would not be able to prove anyone else was in the vehicle." PRP at 2.

Though Poland asserts that witnesses saw an individual get in the car with him, and data from Toyota would corroborate this, he does not specifically state in his sworn petition that the alleged passenger actually fired the shots at T.V.'s car. Nor does he state in his sworn petition that

he would not have pleaded guilty had he known Toyota might have the data he describes. Instead, Poland argues that had he not pleaded guilty, evidence he might have discovered from Toyota could have shown the opening and closing of the passenger door. This potential evidence, in turn, might have "raise[d] reasonable doubt that [Poland] was the one who fired the shots." PRP at 2.

Poland's argument is insufficient to meet the burden necessary to obtain relief in a PRP. The fundamental nature of a plea agreement is that the defendant gives up their right to present evidence to a jury, including evidence discovered after the plea. *See In re Pers. Restraint. of Reise,* 146 Wn. App. 772, 782-84, 192 P.3d 949 (2008). A defendant who pleads guilty assumes the risk that the State's case is or will become weaker than the defendant understood when they made the plea. *See id.* at 783. Here, Poland expressly gave up the right to present witness testimony to a jury. In addition, Poland failed to specifically allege that a passenger in his car fired the shots at T.V.'s car, and Poland has not presented any statement that the alleged data from Toyota would have changed his decision to plead guilty, so he has not shown prejudice. This is particularly true because, had Poland gone to trial, he would have faced significantly greater punishment because of additional charges, including some charges that were completely unrelated to the shots fired at victim T.V.

Thus, Poland is not entitled to relief because he has not met his burden to succeed in a collateral challenge of his decision to plead guilty.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Poland argues that his counsel was ineffective by failing to conduct a reasonable investigation and failing to communicate adequately with Poland about the evidence against him. We disagree.

A.      Right to Counsel During Plea Bargaining

Criminal defendants have a right to effective assistance of counsel in the plea process under the Sixth Amendment to the United States Constitution. *State v. Sandoval*, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). "Counsel's faulty advice can render the defendant's guilty plea involuntary or unintelligent." *Id.* However, we strongly presume that counsel performed effectively. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). When a petitioner argues they received ineffective assistance in the plea bargaining process, they "must satisfy the familiar two-part *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), test for ineffective assistance claims—first, objectively unreasonable performance, and second, prejudice to the defendant." *Sandoval*, 171 Wn.2d at 169.

To satisfy the prejudice prong, the petitioner must show "a reasonable probability that, but for counsel's errors, [they] would not have pleaded guilty and would have insisted on going to trial." *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993). Under this standard, the petitioner must show that "'a decision to reject the plea bargain would have been rational under the circumstances.'" *Sandoval*, 171 Wn.2d at 175 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)).

B.      Poland Has Not Shown Ineffective Assistance Based on His Counsel's Investigation

A criminal defense attorney must investigate "all reasonable lines of defense" and failure to perform a reasonable investigation can constitute deficient performance. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 721, 101 P.3d 1 (2004). Poland argues that his counsel failed to conduct a reasonable investigation based on the attorney's failure to obtain video evidence from bars that Poland went to earlier in the evening, interview eyewitnesses, and obtain additional forensic testing

and crime scene reconstruction. Poland also argues that he was denied the benefit of expert witnesses. We conclude that Poland has not shown deficient performance or prejudice, so he is not entitled to relief.

Specifically, Poland claims that his attorney did not obtain all the available evidence needed to establish whether an unknown passenger fired the gun from Poland's passenger side window. However, he has not shown that the investigation was unreasonably limited in light of the other evidence available to defense counsel at the time. Poland offers no evidence to dispute that he was captured on video firing the shots from the driver's seat. And notably, Poland agreed the court could consider the video evidence showing the shots were fired by "the driver of the black Toyota, defendant Poland," also described as "a bald white male who was driving a black Toyota truck." App. at 31. Poland offers no explanation for this video evidence other than he fired the shots that injured T.V. Moreover, the statement Poland agreed that the trial court could rely on acknowledges video footage of the two vehicles driving in opposite directions with their driver's windows adjacent to one another when the shots were fired. It was reasonable for the defense attorney to limit the resources spent investigating the possibility that a passenger in Poland's truck was actually the one who fired the shots in light of this evidence. Thus, Poland has not shown it was unreasonable for the defense attorney to forgo DNA testing on the firearm and other avenues of investigation targeted at the passenger-shooter theory.

Similarly, Poland also claims that his attorney was deficient in failing to order additional drug testing, such as a hair follicle test. But he has failed to explain why drug testing would have benefitted his defense when he stipulated that the court could consider that he was visibly intoxicated, swerving and fishtailing the truck, and smelled overwhelmingly of alcohol when

officers made contact with him. Thus, he has not shown the attorney's choice to forgo additional drug testing was unreasonable under the circumstances.

Poland also argues his attorney was deficient because the attorney was not adequately familiar with the footage on body-worn cameras. He complains that when he asked about "specific case elements" of that footage, his attorney told him, "'I must have missed that. I'll have to review my notes and the footage.'" PRP at 6. But Poland's attorney never revisited the matter to provide more information. However, Poland has not explained with any more detail what questions his attorney was unable to answer, nor has he identified how the body-worn camera footage was relevant to his decision to plead guilty. The record does not reflect what that footage showed, other than the behavior documented in the probable cause statement (appearing intoxicated and initially refusing to comply, then throwing his weapons toward officers), that Poland agreed the trial court could rely on, and Poland has not submitted evidence to contradict that he behaved this way. Similarly, to the extent Poland argues his attorney deficiently failed to seek out additional evidence through expert witnesses, he has not shown that the choice not to consult experts was unreasonable in light of the other evidence and facts in the probable cause statement.

Therefore, the arguments Poland raises about his attorney's investigation are inadequate to show that the attorney performed deficiently. And even if the investigation were deficient, Poland has not presented argument about how the alleged deficiencies impacted his decision to plead guilty, so he has not shown the requisite prejudice.

C.    Poland Has Not Shown Ineffective Assistance Based on Poland Not Having Access to All the Evidence

Poland argues that his attorney also performed deficiently by failing to provide Poland with a copy of discovery from the State and otherwise failing to allow Poland to be adequately informed

about the evidence. He makes a similar claim based on counsel's alleged failure to inform him about the possibility of hiring investigators or expert witnesses. We conclude that Poland has not shown deficient performance or prejudice in this regard.

For the arguments about Poland's access to evidence, Poland rests on the Rules of Professional Conduct. Although we do not enforce the Rules of Professional Conduct, we address them briefly to the extent Poland relies on them as a standard for purposes of showing ineffective assistance of counsel. Under the Rules of Professional Conduct, counsel must "inform the client of any circumstance requiring the client's consent, reasonably consult with the client regarding the means by which the client's objectives will be accomplished, keep the client reasonably informed about the status of the matter, and promptly comply with any requests for information." *In re Disciplinary Proc. Against Van Camp*, 171 Wn.2d 781, 803, 257 P.3d 599 (2011); RPC 1.4(a)(1)-(5). Counsel also has a duty to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." RPC 1.4(b). Although counsel must "abide by a client's decisions concerning the objectives of representation," generally, "the choice of trial tactics, the action to be taken or avoided, and the methodology to be employed must rest in the attorney's judgment." RPC 1.2(a); *State v. Piche,* 71 Wn.2d 583, 590, 430 P.2d 522 (1967). *See also In re Det. of Hatfield*, 191 Wn. App. 378, 398, 362 P.3d 997 (2015).

Here, Poland complains that his attorney did not comply with professional standards of communication because the attorney "only showed [him] the binders, thumbed through the pages, and read the Probable Cause statement," and conducted all visits through a glass partition. PRP at 6-7. He also claims that his attorney deficiently failed to offer to consult with expert witnesses and investigators and could not answer questions about the evidence. But Poland does not identify case

law, nor have we found any, that supports his argument that any of his attorney's communication was unreasonable or below prevailing professional norms. And although attorneys must promptly comply with a client's request for information, Poland does not assert that he asked for a copy of the discovery or for an opportunity to read it in full.

Nor does Poland show that his attorney failed to meet his obligations given the discussions he had with Poland and the State's evidence he did share. The only specific failing Poland points to is that his attorney never answered his question about the body-worn camera footage—but as we note above, Poland has not stated what question he asked his attorney about the footage. Nor has Poland argued that the body-worn camera footage was relevant to his decision to plead guilty to significantly reduced charges. Thus, he has not shown that his attorney's communication was objectively unreasonable, so he has not met his burden to show constitutionally deficient performance.

Finally, Poland has not shown a reasonable probability that absent the alleged errors, he would have insisted on going to trial instead of pleading guilty to the reduced charges. *See Riley*, 122 Wn.2d at 780-81. Poland's attorney secured a plea bargain with significantly reduced charges; without pleading guilty, Poland would have faced a charge of attempted first degree murder with a firearm enhancement, and it is undisputed that he was captured on video shooting four rounds into T.V.'s car. Poland has not presented any argument that he would have chosen to go to trial if his attorney had performed differently. It is Poland's burden to show prejudice, and he has not shown that rejecting the plea would have been rational in light of the State's evidence against him, including the surveillance video and witness testimony describing him fishtailing and swerving

No. 59919-8-II

until he drove his car into a parked car, pushing it forward and pinning Rodgers, and brandishing weapons when witnesses rushed to Rodgers' aid.

Thus, because Poland has not shown that his decision to plead guilty was impacted by counsel's investigation or by the allegedly insufficient communication about the evidence against him, he has not shown sufficient prejudice to obtain relief.

CONCLUSION

We deny the PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, C.J.

VELJACIC, J.

12