158 P.3d 1286 (2007)
STATE of Washington, Respondent,
v.
Philip Edward POSTON, Appellant.
No. 56473-1-I.
Court of Appeals of Washington, Division 1.
June 4, 2007.
*1287 Elaine L. Winters (WAP), Wash.App. Project, Sea., for Appellants.
Gregory M. Banks (ICPA), Joshua Choate (ICPA), Island County Pros. Ofc., Coupville, for Respondents.

PUBLISHED IN PART
COX, J.
¶ 1 As part of a plea agreement, Philip Poston and the State made "an agreed recommendation" that the trial court should sentence Poston to 180 months confinement for the crimes to which he pleaded guilty. He now challenges the exceptional 180 month sentence that the court imposed after accepting his plea. He claims that the sentence violates Blakely v. Washington[1] because a judge found facts by a preponderance of the evidence to support the sentence. However, he also expressly declines to challenge his plea agreement. We hold that Poston cannot challenge his exceptional sentence without also challenging his plea agreement. Because *1288 he fails to challenge that agreement, he has no basis to argue that the exceptional sentence to which he expressly agreed is invalid.
¶ 2 He also asserts other grounds for invalidating or modifying his sentence. None are persuasive. We affirm.
¶ 3 This is Poston's second appeal. In his first appeal,[2] he challenged his conviction based on his Alford[3] plea to intimidating a witness. In 2004, this court held there was no factual basis for that plea, reversed that conviction, and remanded to the trial court to allow Poston to withdraw his guilty plea to that count. This court also directed the trial court to amend the judgment and sentence to correct certain errors in sentencing conditions that the State conceded were erroneous. Finally, this court affirmed the convictions for all other counts, including the counts that are at issue in this appeal.
¶ 4 Before the first appeal, the State charged Poston in a Fourth Amended Information with 16 counts of first degree incest, one count of intimidating a witness, and one count of unlawful imprisonment. In February 2003, Poston pleaded guilty to 16 counts of incest. He entered Alford pleas to one count of incest as well as to the counts of intimidating a witness and unlawful imprisonment.
¶ 5 The plea agreement that Poston signed expressly provides, in part, that "At sentencing, the state will recommend that [Poston] be ordered to serve 180 months confinement. . . .," and further states, "This is an agreed recommendation."[4]
¶ 6 Both Poston and his counsel signed the separate findings and conclusions supporting that exceptional sentence. The conclusions of law state, in part:
1. The parties have stipulated that there are substantial and compelling reasons for an exceptional sentence of 15 years confinement.
. . .
6. Any of the five aggravating factors above constitute[s][a] substantial and compelling reason[] justifying the exceptional sentence of 15 years confinement.[5]
¶ 7 The trial judge accepted Poston's plea. At sentencing, the judge imposed 120 month exceptional sentences for all first degree incest counts except one. It imposed a 60 month sentence for that one count of incest and ordered that it be served consecutively to one of the other 120 month sentences for first degree incest.[6] These consecutive sentences are to be served concurrently with all remaining counts. The court also imposed standard range sentences for the intimidating a witness and unlawful imprisonment counts.
¶ 8 Poston appealed, and this court affirmed the convictions for all counts except witness intimidation. This court reversed that conviction and remanded to the trial court with the instructions we described previously in this opinion.[7]
¶ 9 In May 2005, the trial court conducted the hearing on remand that this court directed. At the conclusion of the hearing, the court entered an amended judgment and sentence.[8]
¶ 10 Poston appeals for the second time.

EXCEPTIONAL SENTENCE
¶ 11 Poston argues that the trial court violated his constitutional right to trial by jury by imposing an exceptional sentence based on facts to which he did not stipulate in the plea agreement or that were not determined by a jury beyond a reasonable doubt. Because Poston pleaded guilty to the incest charges, stipulated to the exceptional sentence that the court imposed, and does not *1289 challenge the validity of his plea agreement, we hold that there has been no violation of his constitutional rights under Blakely and its progeny.
¶ 12 In Apprendi v. New Jersey, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[9] The decision is based on the Sixth Amendment right to trial by jury.[10]
¶ 13 The Supreme Court clarified the Apprendi decision in Blakely, concluding that the "`statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[11] The "`statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."[12] "Blakely applies only to convictions or direct appeals that were not final at the time it was announced, and Blakely cannot be applied retroactively on collateral review."[13]
¶ 14 A Washington court may impose an exceptional sentence outside of the standard range if it concludes "there are substantial and compelling reasons justifying an exceptional sentence."[14] In order to impose an exceptional sentence, the court must set forth reasons for its decision in written findings of fact and conclusions of law.[15] RCW 9.94A.535(2) and (3) provide a nonexclusive list of factors justifying an upward departure from a standard range sentence.
¶ 15 The state supreme court has held that a stipulation to an exceptional sentence is enough to constitute a substantial and compelling reason to justify an exceptional sentence, provided the sentence is authorized by statute and the findings of fact show the sentence imposed is consistent with the goals of the Sentencing Reform Act of 1981.[16]
¶ 16 The Blakely court acknowledged that when a defendant pleads guilty and stipulates to an exceptional sentence, a jury need not find facts supporting the exceptional sentence:
But nothing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty.[17]
¶ 17 In State v. Hughes, our supreme court concluded that Blakely did not render Washington's exceptional sentencing provisions facially unconstitutional.[18] The court noted that because the legislature had not yet created a remedy for Blakely violations to empanel a jury on remand in order to find the necessary facts to support the exceptional sentence, it must remand for resentencing within the standard range.[19]
¶ 18 Blakely is at issue in this case. That is because this case was pending on direct review in this court at the time that Blakely was handed down by the United *1290 States Supreme Court in June of 2004.[20] But we may affirm on any basis supported by the record.[21]
¶ 19 The issue is whether the trial court engaged in judicial fact finding to support the exceptional sentence that it imposed. We hold that it did not.
Here, the Statement of Defendant on Plea of Guilty to Sex Offense provides in relevant part as follows:
. . .
6 (g) The prosecuting attorney will make the following recommendation to the judge:
Upon the court's acceptance of my plea of guilty as charged to 16 counts of Incest in the First Degree; 1 Count of Intimidating a Witness; and 1 Count of Unlawful Imprisonment, the state will agree to not file any additional criminal charges against me, arising out of the incidents described in the police reports prepared in connection with this case, a copy of which I have read. At sentencing, the state will recommend that I be ordered to serve 180 months confinement, that I be placed on community custody for a period of 36 months. . . . This is an agreed recommendation. It is my understanding that the court will order a Pre-Sentence Investigation Report and that the State reserves its right to make further recommendations based on receipt of the Pre-Sentence Investigation Report.[22]
¶ 20 In State v. Ermels, the state supreme court held that Ermels could not challenge either his stipulation to facts supporting his exceptional sentence or his waiver to the right of appeal in a plea agreement without challenging the entire agreement.[23] In that case, Ermels stomped on the head of an unconscious man, who later died. The initial charge was first degree assault, which would have had a standard range sentence of 93-123 months upon his conviction. In order to avoid the risk of conviction on that charge, he pleaded guilty to second degree manslaughter, which had a shorter standard range than the assault charge. As part of his plea agreement, he stipulated to facts supporting an exceptional sentence based on victim vulnerability.[24] He also stipulated that there was a legal basis for an exceptional sentence. The prosecutor recommended a 10 year exceptional sentence. The court imposed an exceptional sentence of 7.5 years (90 months).[25]
¶ 21 The United States Supreme Court decided Blakely in June 2004. Following the issuance of that decision, Ermels argued on appeal that his exceptional sentence was invalid based on that case. Although he did not argue that his exceptional sentence relied on improper Blakely findings, he argued that the waivers in his plea agreement were not valid.
¶ 22 Our state supreme court disagreed. Citing In re Breedlove,[26] the court noted that "a defendant's stipulation to an exceptional sentence, made as part of a valid plea agreement, may be considered a substantial and compelling reason that justifies imposition of an exceptional sentence."[27] The court went on to state that "when a defendant has stipulated to an exceptional sentence, he waives his right to appellate review of the sentence."[28] Significantly, the court reaffirmed that while the trial court in that case found additional aggravating factors, which implicitly violated Blakely, they were not necessary given Ermels' stipulations. All that is required is that the reviewing court must be satisfied that the trial court would have imposed the same sentence based on valid factors.[29]
*1291 ¶ 23 Here, Poston, his counsel, and the State's counsel signed the written findings and conclusions of the trial court in which Poston expressly agreed that "The parties have stipulated that there are substantial and compelling reasons for an exceptional sentence of 15 years confinement." Under Breedlove, Poston's stipulation to an exceptional sentence is sufficient in and of itself to constitute a substantial and compelling reason under the SRA.
¶ 24 More importantly, we note that Poston also expressly agreed that he should serve 180 months for his crimes. There is no other reasonable way to read the provisions of his Statement of Defendant on Plea of Guilty to Sex Offense. Our reading is reinforced by the fact that Poston does not challenge his plea agreement.
¶ 25 As in Ermels, Poston received substantial benefits from his plea. The record indicates that in at least two of the counts of incest, he threatened his victim with a weapon.[30] Moreover, the charges against Poston prior to the plea included, among others, rape and 30 counts of incest. In sum, the plea to lesser and fewer charges and the agreed recommendation to 180 months of confinement permitted Poston to benefit from his plea agreement with the State.
¶ 26 This leaves the question of whether the trial court engaged in improper judicial fact finding in violation of Blakely. As in Ermels, the narrow question is whether in light of Poston's stipulation he may rely on Blakely to invalidate his exceptional sentence.
¶ 27 Here, the trial judge concluded that any of the five aggravating factors constitutes substantial and compelling reasons for an exceptional sentence of 15 years:
1. The parties have stipulated that there are substantial and compelling reasons for an exceptional sentence of 15 years confinement.

2. The defendant's conduct during the commission of the current offense manifested deliberate cruelty and intimidation to the victim.
3. The offenses were part of an ongoing pattern of sexual and psychological abuse of the same victim under the age of 18 years, manifested by multiple incidents over a prolonged period of time.
4. The operation of the multiple offense policy of RCW 9A.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of the Sentencing Reform Act, as expressed in RCW 9.94A.010; and
5. The victim was particularly vulnerable due to the fact she had recently moved from the Philippines to America. The victim was dealing with language barriers and isolation issues.[31]
¶ 28 In Ermels, the state supreme court concluded that not every aggravating factor must be valid to uphold an exceptional sentence, provided the reviewing court is satisfied that the same sentence would have been imposed based on valid factors. Here, regardless of the arguable invalidity of the factors listed at paragraphs 2-5, the stipulation in paragraph 1 is valid. And the court expressly stated that it would have imposed the 180 month sentence on the basis of any of the listed factors.[32] We are satisfied the court would have imposed the same sentence based solely on the stipulation to the 180 month exceptional sentence recommendation, a valid and independent factor. Because the sentence is based on this stipulation, the court did not engage in prohibited fact finding in violation of Blakely when it imposed this exceptional sentence.
¶ 29 The Ermels court relied on State v. Turley, and noted that even where the plea agreement involves multiple counts or charges, the agreement is indivisible where the charges were made at the same time, described in one document, and accepted in a single proceeding.[33] Ermels' agreement was *1292 indivisible under Turley because he pleaded guilty to a single charge and agreed that there were both factual and legal bases for an exceptional sentence on that charge, and did so in exchange for a less serious charge with a lower standard range.[34]
¶ 30 Similarly here, Poston pleaded guilty to multiple charges at the same time, in a single document, in a single proceeding. He agreed to the reduced charges in exchange for the State not filing additional criminal charges and jointly recommending a 180 month sentence. Poston's stipulation to the exceptional sentence is indivisible from his plea agreement. Because he does not challenge his plea agreement, he cannot challenge his stipulation to the exceptional sentence.
¶ 31 Poston makes three basic arguments to distinguish his case from Ermels. None requires us to reverse the exceptional sentence in this case.
¶ 32 First, he argues that Ermels stipulated to the factual and legal bases for an exceptional sentence. Moreover, Ermels did not argue his sentence was based on unconstitutional fact finding.
¶ 33 Here, Poston did not stipulate to the aggravating factors used to support his exceptional sentence. Poston acknowledges that he agreed with the State's 180 month sentencing recommendation. He then points to the fact that the sentencing court considered information in the DOC report and testimony at the sentencing hearing in 2003. He claims the court used these resources, to which he objected, to impose the exceptional sentence.
¶ 34 As we have already explained in this opinion, he stipulated to 180 months of confinement as part of his plea agreement. Stipulation to the aggravating factors was not necessary, particularly since he does not challenge the existence of such factors. The stipulation to the exceptional sentence based on one valid factor is sufficient under Ermels. That is what happened here.
¶ 35 Poston notes that the findings and conclusions in this case do not include a statement that "the sentence is consistent with the purposes of the SRA," as Breedlove requires. While there is no such express finding in the documents in the record, we conclude that such a finding is implicit in the record before us. Thus, there is no reason to remand for an express finding in this case.[35]
¶ 36 Second, Poston emphasizes that he does not challenge his plea agreement. He goes on to argue that the State cannot argue that Poston's plea agreement included a stipulation to a legal or factual basis for his plea. He reasons that the logic of Ermels does not apply. We again disagree.
¶ 37 He jointly recommended to the court that an exceptional sentence of 180 months was proper. Such a stipulation is a substantial and compelling reason under the SRA for an exceptional sentence. The logic of Ermels applies here although the facts of the two cases are not in complete alignment.
¶ 38 Third, Poston argues that he did not waive his right to appeal. Ermels did. Nevertheless, Poston made a joint recommendation to the court that 180 months of confinement was appropriate under the circumstances of this case. Without challenging his plea, he cannot now argue that his right to appeal includes the right to set aside the sentence based exactly on his joint recommendation.
¶ 39 State v. Suleiman,[36] on which Poston also relies, is distinguishable. There, Suleiman pleaded guilty to three counts of vehicular assault. In the plea agreement, Suleiman stipulated to the "real and material facts as written in the certification for determination of probable cause and the prosecutor's summary without stipulating that those facts are a legal basis for an exceptional sentence."[37] *1293 The plea agreement stated that the prosecutor planned to recommend a 36 month exceptional sentence followed by 18-36 months community custody. But he did not stipulate to an exceptional sentence of any length. The trial court imposed an exceptional sentence based on several grounds, including that the defendant knew or should have known that the victim was particularly vulnerable.[38]
¶ 40 This court upheld the sentence, concluding that the trial court properly found that Dwyer, the victim, was particularly vulnerable. Because this court concluded that victim vulnerability was sufficient to support the exceptional sentence, it did not address the other reasons given by the trial court.[39]
¶ 41 The state supreme court reversed, reasoning that in order to justify the exceptional sentence Suleiman would have had to stipulate that he knew or should have known of the victim's particular vulnerability, and that vulnerability was a substantial factor in the crime. He did not stipulate to these facts. The court noted that although the documents in the certification for probable cause and the prosecutor's summary imply that he knew or should have known that Dwyer was particularly vulnerable, they do not say so specifically, nor do they state that vulnerability was a substantial factor in the crime.[40] The court concluded that Suleiman's exceptional sentence violates Blakely.
¶ 42 Here, in contrast, there was no fact finding for purposes of the 180 month exceptional sentence that the court imposed based on Poston's stipulation to that sentence. And Poston also expressly agreed that there are substantial and compelling reasons to support the exceptional sentence. The trial judge imposed the exact exceptional sentence jointly recommended by the parties. It is irrelevant for these purposes that Poston did not also stipulate to the underlying facts supporting the exceptional sentence in his case.
¶ 43 Poston also cites State v. Hagar[41] to support his position. That case is also distinguishable. There, Hagar pleaded guilty to three counts of first degree theft and stipulated to the facts set forth in the certification of probable cause, the prosecutor's summary, and the facts set forth in an appendix to the agreement. The plea agreement informed Hagar that the State would be seeking an exceptional sentence, but that the judge would be required to sentence within the standard range unless the judge found substantial and compelling reasons to depart from it. The judge imposed the exceptional sentencing, finding that the crimes constituted a "major economic offense."[42] The supreme court reversed, reasoning that although Hagar stipulated to certain facts, he did not stipulate that the crimes constituted a "major economic offense." The judge engaged in improper judicial fact finding in violation of Blakely.[43]
¶ 44 Unlike Hagar, Poston stipulated to the exceptional sentence. This alone was sufficient for the trial court to rely on when finding substantial and compelling reasons to impose an exceptional sentence.
¶ 45 The remaining issues of this opinion are not of precedential importance. Accordingly, pursuant to RCW 2.06.040, the remainder of this opinion is not published.
COLEMAN, J., BECKER, J., concur.
NOTES
[1] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] State v. Poston, No. 52249-3-I, 2004 WL 1559820 (July 12, 2004).
[3] North Carolina v. Alford, 400 U.S. 25, 36, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[4] Clerk's Papers at 56.
[5] Clerk's Papers at 14.
[6] Clerk's Papers at 8-9.
[7] Poston, 122 Wash.App. 1024, 2004 WL 1559820, at *3.
[8] Clerk's Papers at 3-21.
[9] 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[10] U.S. Const. amend. VI.
[11] Blakely, 542 U.S. at 303, 124 S.Ct. 2531 (emphasis added).
[12] Id. at 303-04, 124 S.Ct. 2531 (emphasis added).
[13] State v. Hagar, 158 Wash.2d 369, 373, 144 P.3d 298 (2006).
[14] RCW 9.94A.535.
[15] Id.
[16] State v. Ermels, 156 Wash.2d 528, 536, 131 P.3d 299 (2006) (citing In re Pers. Restraint of Breedlove, 138 Wash.2d 298, 300, 979 P.2d 417 (1999)).
[17] Id. at 537, 131 P.3d 299 (citations omitted).
[18] State v. Hughes, 154 Wash.2d 118, 134, 110 P.3d 192 (2005).
[19] Id. at 151-52, 156, 110 P.3d 192.
[20] State v. Evans, 154 Wash.2d 438, 444, 114 P.3d 627 (2005).
[21] State v. Villarreal, 97 Wash.App. 636, 643, 984 P.2d 1064 (1999).
[22] (Emphasis added.)
[23] 156 Wash.2d at 541, 131 P.3d 299.
[24] Id. at 533, 131 P.3d 299.
[25] Id. at 534, 131 P.3d 299.
[26] 138 Wash.2d 298, 979 P.2d 417 (1999).
[27] Ermels, 156 Wash.2d at 539, 131 P.3d 299.
[28] Id.
[29] Id.
[30] Clerk's Papers at 106-07.
[31] Clerk's Papers at 14. Former 9.94A.535(2) (2003) (aggravating factors to support an exceptional sentence) (emphasis added).
[32] Clerk's Papers at 14.
[33] Ermels, 156 Wash.2d at 541, 131 P.3d 299 (citing State v. Turley, 149 Wash.2d 395, 400, 69 P.3d 338 (2003)).
[34] Id.
[35] State v. Alvarez, 128 Wash.2d 1, 19, 904 P.2d 754 (1995) (holding that a remand for entry of revised written findings without additional evidence was the appropriate remedy for noncompliance with JuCR 7.11(d), which requires findings to state the ultimate facts supporting each element of the charged offense).
[36] 158 Wash.2d 280, 143 P.3d 795 (2006).
[37] Id. at 285, 143 P.3d 795 (emphasis omitted).
[38] Id. at 287, 143 P.3d 795.
[39] Id.
[40] Id. at 293, 143 P.3d 795.
[41] 158 Wash.2d 369, 144 P.3d 298.
[42] Id. at 372, 144 P.3d 298.
[43] Id. at 374, 144 P.3d 298.