
**FILED**
**MAY 19, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36593-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DON PHILLIP STENTZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Don Phillip Stentz appeals his conviction for residential burglary, arguing the trial court lacked a factual basis to accept his *Alford*[1] plea. Finding no error, we affirm.

## FACTS

Mr. Stentz was charged with six felonies related to theft of property from his estranged wife's home. Mr. Stentz was in custody at the time of the thefts. The State's

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

theory was that Mr. Stentz was responsible for the break-in because he directed his former cellmate to commit the crime.

The parties reached an agreement whereby Mr. Stentz would plead guilty to two felonies: residential burglary and violation of a no-contact order. Mr. Stentz admitted to the no-contact order violation, but entered an *Alford* plea as to the burglary. He agreed the trial court could refer to the State's probable cause statement and/or police reports as the factual basis for his burglary plea.

The probable cause affidavit recounted that Mr. Stentz had instructed his former cellmate to take property from the home of his estranged wife, including a vehicle and boat parked at the property, and a black duffel bag and two firearms stored in the basement. It further alleged he had drawn for his cellmate a map of the property, advised them of his wife's work hours, and told them what to do with the property after its acquisition.

During the change of plea colloquy, the prosecuting attorney summarized the factual basis for Mr. Stentz's burglary plea. The prosecutor clarified that Mr. Stentz was not alleged to have been present at the scene of the burglary. Instead, the State's evidence was that Mr. Stentz recruited his former cellmate to unlawfully enter his wife's residence and purloin several pieces of property.

2

The trial court accepted Mr. Stentz's pleas and imposed a total sentence of 84 months' imprisonment. Mr. Stentz now appeals, arguing the trial court lacked a factual basis for accepting his *Alford* plea to residential burglary.

ANALYSIS[2]

A trial court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." CrR 4.2(d). This responsibility has particular importance in the *Alford* context, where a defendant seeks to plead guilty despite maintaining innocence. *State v. D.T.M.*, 78 Wn. App. 216, 220, 896 P.2d 108 (1995). In assessing the factual basis for a plea, the court may look to any reliable source of information on the record, including a prosecutor's proffer regarding expected evidence at trial. *State v. Newton*, 87 Wn.2d 363, 369-70, 552 P.2d 682 (1976).

Mr. Stentz argues the facts proffered in support of his *Alford* plea were inadequate because the information charged him as a principal, not an accomplice, and no facts in the record support finding him guilty as such.

Mr. Stentz's argument is contrary to Washington's law on accomplice liability. "The complicity rule in Washington is that any person who participates in the commission

---

[2] Mr. Stentz has filed a one-page statement of additional grounds for review under RAP 10.10, indicating he is satisfied with the briefing submitted by his attorney. Our analysis is therefore guided solely by the issues raised through counsel.

of the crime is guilty of the crime and is charged as a principal." *State v. Silva-Baltazar*, 125 Wn.2d 472, 480, 886 P.2d 138 (1994); *see also* RCW 9A.08.020. The State need not specify in its charging document that the defendant's guilt is based on accomplice liability. Instead, "an information that charges an accused as a principal adequately apprises [them] of [their] potential liability as an accomplice." *State v. Lynch*, 93 Wn. App. 716, 722, 970 P.2d 769 (1999). Given the state of the law, the fact that Mr. Stentz was not present at the time of the crime did not render the State's facts insufficient to justify acceptance of his plea. Any confusion on the State's theory of liability was clarified at the time of Mr. Stentz's plea.

Mr. Stentz also claims the evidence submitted in support of his plea failed to show he directed his former cellmate to steal property from inside the home of his estranged wife. According to Mr. Stentz, the facts showed he told his cellmate to only take property located outside.

Mr. Stentz's characterization of the record is inaccurate. According to the affidavit of probable cause, Mr. Stentz specifically instructed his former cellmate to go into the basement of his wife's residence and purloin a duffel bag and firearms. This was sufficient to justify a judgment of conviction for residential burglary.

No. 36593-0-III
*State v. Stentz*

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

5