IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55709-6-II |
| Respondent, | |
| v. | |
| PATRICK ANTHONY CLOUD, | UNPUBLISHED  OPINION |
| Appellant. | |

WORSWICK, J. — Patrick Anthony Cloud appeals the trial court's order denying his motion for post-conviction DNA testing.  In 2016, Cloud pleaded guilty to first degree assault and attempting to elude a police vehicle.  Cloud requested DNA testing on the knife used to stab his victim.  Cloud argues that the trial court abused its discretion when it denied his motion because his motion fulfilled the requirements for obtaining post-conviction DNA testing under RCW 10.73.170, and DNA testing is available to him notwithstanding his guilty plea.  The State argues that Cloud cannot appeal the trial court's order denying post-conviction DNA testing as a matter of right.  We hold that Cloud has a right to appeal the trial court's order, but that Cloud's motion did not fulfill the statutory requirements to obtain post-conviction DNA testing. Accordingly, we do not reach Cloud's other argument.  We affirm.

FACTS

In August 2015, Cloud assaulted Shacorry Lilly with a pocket knife. Cloud's sister Shae Cloud was also present at the assault. Cloud and Shae then fled from the scene in a vehicle and refused to stop for pursuing police.[1]

The State charged Cloud with one count of first degree assault with a deadly weapon, one count of first degree robbery, and one count of attempting to elude a police vehicle. The State later filed an amended information that removed the first degree robbery charge. Cloud then pled guilty to first degree assault with a deadly weapon sentence enhancement and attempting to elude a pursuing police vehicle.

In his statement of plea of guilty, Cloud initialed that he waived "[t]he right to appeal a finding of guilt after a trial as well as other pretrial motions such as time for trial challenges and suppression issues." Clerk's Papers (CP) at 9. Cloud also submitted a statement regarding the factual basis for the plea. Regarding the first degree assault charge, he stated:

> [O]n 8/19/15; in Pierce County, WA, I unlawfully and feloniously, with intent to inflict great bodily harm, intentionally assaulted [Lilly] with a deadly weapon, and in the commission thereof, I was armed with a deadly weapon–a pocket knife, thereby invoking provisions of RCW 9.94A.530 and adding additional time to the presumptive sentence as provided in RCW 9.94A.533. As for my sister [Shea,] she had nothing to do with the assault, nor did she know it was going to occur.

CP at 18.

At the sentencing hearing, Cloud stated that he was "sincerely . . . sorry for the pain and the destruction that [he had] caused to [Lilly]," and asked for forgiveness. Verbatim Report of

---

[1] We use Shae Cloud's first name to avoid confusion. No disrespect is intended.

Proceedings (VRP) (June 2, 2016) at 18-19. He also apologized to Shae for "putting her in the situation that [he] did." VRP (June 2, 2016) at 19. Lilly also made a statement to the court. In addition to describing the life-changing injuries he suffered from the eight stab wounds, Lilly explained that he had known Cloud before the assault, and had been trying to assist him the night of the unprovoked attack.

The trial court sentenced Cloud to 195 months and an additional 36 months of community custody. The Court informed Cloud he had "a right to appeal rulings on other post convictions motions as listed in Rules of Appellate Procedure 2.2." Supp. CP at 127.

In November 2020, Cloud filed a pro se motion for post-conviction DNA testing. Cloud's full motion read: "Comes now accused, Patrick Anthony Cloud, and moves this Honorable Court to order port-conviction DNA testing of the weapon (knife) in the above case based on the likelihood that the results would demonstrate his innocence, RCW 10.73.150, and subsequently order an evidentiary hearing and discovery."[2] CP at 93.

The State responded to Cloud's motion and argued that Cloud waived his right to challenge the determination of his guilt when he pled guilty, that Cloud's motion was not in the form required by RCW 10.73.170(2), and that Cloud failed to demonstrate how DNA testing would show his innocence on a more probable than not basis. The trial court denied Cloud's motion.[3]

---

[2] RCW 10.73.150 provides for the right to counsel.

[3] Our record on appeal does not include a verbatim report of proceedings for this hearing. The body of the order states in its entirety, "It is hereby ordered that the request for DNA testing is denied." CP at 114.

No. 55709-6-II

Cloud filed a notice of appeal. Because the trial court entered no findings, we placed this case on the motion docket to determine appealability without oral argument. Letter on Appealability, No. 55709-6-II (Wash. Ct. App. May 12, 2021). The State filed a memorandum regarding appealability, arguing Cloud could not appeal as a matter of right. State's Memorandum Re Appealability, No 55709-6-II (Wash. Ct. App. May 19, 2021). A commissioner of this court ruled that the "order denying post-conviction DNA testing is appealable as a matter of right." Notation Ruling, No. 55709-6-II (Wash. Ct. App. June 29, 2021). The State did not file a motion to modify the commissioner's ruling.

ANALYSIS

I. APPEALABILITY

As an initial matter, the State argues that the commissioner of this court erred when he ruled that Cloud could appeal the trial court's order denying post-conviction DNA testing as a matter of right. We do not consider this argument.

Under RAP 17.7(a), an aggrieved person may object to a commissioner's ruling only by a motion to modify the ruling, which must by served and filed not later than 30 days after the ruling is filed. If an aggrieved party fails to file a motion for modification, the commissioner's decision becomes our final decision. *In re Det. of Broer*, 93 Wn. App. 852, 857, 957 P.2d 281 (1998), *amended on recons. sub nom. Broer v. State*, 973 P.2d 1074 (Wash. Ct. App. 1999). This court's commissioner filed his ruling on June 29, 2021. The State did not file a motion to modify that ruling. Accordingly, we do not consider this argument.

4

## II. DNA TESTING REQUEST REQUIREMENTS UNDER RCW 10.73.170

Cloud argues that the trial court abused its discretion when it denied his motion for post-conviction DNA testing of the pocket knife. The State argues that Cloud's motion does not satisfy the statutory requirements that would mandate DNA testing under RCW 10.73.170.[4] We agree with the State.

We review a trial court's ruling on a motion for post-conviction DNA testing for abuse of discretion. *State v. Thompson*, 173 Wn.2d 865, 870, 271 P.3d 204 (2012). A trial court abuses its discretion when its decision is manifestly unreasonable, or it bases its decision on untenable or unreasonable grounds. *State v. Magers*, 164 Wn.2d 174, 181, 189 P.3d 126 (2008). We may affirm on any basis supported by the record on appeal. *State v. Poston*, 138 Wn. App. 898, 905, 158 P.3d 1286 (2007).

The post-conviction DNA testing statute, RCW 10.73.170, allows a convicted person serving a prison sentence to request post-conviction DNA testing. The statute imposes both substantive and procedural requirements. *State v. Riofta*, 166 Wn.2d 358, 364, 209 P.3d 467 (2009).

---

[4] The State also argues that Cloud cannot obtain DNA testing because the pocket knife was never recovered and is not available to be tested. If true, this would mean Cloud's case is moot. Despite asking the trial court to take judicial notice of this fact, Cloud now argues on appeal that the State points to no *evidence* in the record that it did not recover the knife–instead pointing only to the State's earlier arguments that it did not recover a knife. Arguments are not evidence. *In re Pers. Restraint of Phelps*, 190 Wn.2d 155, 172, 410 P.3d 1142 (2018). The State could have resolved this issue by filing a declaration below, but it appears none was filed. Thus, we cannot hold that this case is moot.

Under the statute, the motion for DNA testing must state that (1) "[t]he court ruled that DNA testing did not meet acceptable scientific standards," (2) the DNA testing technology was not sufficiently developed to test the relevant DNA, or (3) new DNA testing would be significantly more accurate or would "provide significant new information." RCW 10.73.170(2)(a)(i)-(iii). The motion must also "[e]xplain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement." RCW 10.73.170(2)(b). Once these requirements are met, the superior court "shall grant [the] motion . . . [if] the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3).

In reviewing whether a motion for post-conviction DNA satisfies the substantive requirement, we presume the DNA test results would be favorable to the convicted person and ask whether the newly discovered, favorable DNA test results, in light of all of the evidence presented at trial, would raise the likelihood that the convicted person is innocent on a more probable than not basis. *Riofta*, 166 Wn.2d at 367-68. Cloud's motion fails to meet the burden of either the procedural or substantive requirements.

Cloud's motion stated only that "the results [of DNA testing] would demonstrate his innocence." CP at 93. Cloud does not explain, or even mention why DNA evidence is material to the identity of the perpetrator. This motion does not meet the procedural requirements of

No. 55709-6-II

RCW 10.73.170(2). Thus, the trial court's decision to deny the motion for post-conviction DNA testing was not manifestly unreasonable, and consequently the trial court did not abuse its discretion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Cruser, A.C.J.

Veljacic, J.

7