## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

JAMES CURTIS ROWLEY,

Appellant.

No. 56437-8-II

UNPUBLISHED OPINION

VELJACIC, J. — James C. Rowley appeals the trial court's order denying his postconviction motion for deoxyribonucleic acid (DNA) testing under RCW 10.73.170. He also raises several claims in his statement of additional grounds for review (SAG). We affirm.

FACTS[1]

In 2008, nine-year-old AKR told her parents and her grandmother that Rowley had sexually touched her while she was asleep on a couch in her grandmother's basement. A jury found Rowley guilty of child molestation in the first degree. Division I of this court affirmed.

When investigating AKR's claims, police found an unsmoked cigarette at the scene. The cigarette was not submitted to a crime laboratory for analysis because the police did not believe it had any evidentiary value. The police destroyed the cigarette in 2013.

---

[1] The facts of this case are taken from *State v. Rowley*, No. 75239-1-I (Wash. Ct. App. July 25, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/752391.pdf, and *In re Pers. Restraint of Rowley*, No. 51244-1-I (Wash. Ct. App. Aug. 28, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/512441.pdf.

In 2018, Rowley filed a personal restraint petition (PRP) claiming that his conviction must be dismissed because the destroyed cigarette was exculpatory and destroyed in bad faith. He argued that "touch DNA" could have been retrieved from the unsmoked cigarette. We held that Rowley did not demonstrate that it was apparent to police in 2013, when the cigarette was destroyed, that DNA could have been retrieved from the cigarette. Thus, he failed to show that the cigarette was exculpatory. Additionally, we held that the cigarette was destroyed as part of a routine evidence purge. Thus, Rowley failed to show bad faith.

In 2021, Rowley filed a pro se postconviction motion pursuant to RCW 10.73.170 for DNA testing of "all evidence preserved by law enforcement." Clerk's Papers (CP) at 55. At the motion hearing, Rowley did not provide any further clarification. The State asserted that it was unclear what evidence Rowley wanted tested but the State assumed it was the cigarette. The trial court stated that it was "mindful of the—the Court of Appeals decision . . . regarding the cigarette butt or cigarette. . . . So, I mean there has been arguments to the Court of Appeals already about destroyed evidence or lack of evidence." Report of Proceedings at 15. The trial court denied Rowley's motion.[2]

Rowley appeals the trial court order denying his postconviction DNA testing motion.

ANALYSIS

I.     DNA TESTING

Rowley argues that the trial court erred in denying his motion for postconviction DNA testing of the unsmoked cigarette. Because Rowley had previously failed to show that the cigarette is exculpatory, we affirm.

---

[2] In the same order, the trial court also denied a motion for discovery and a motion to strike restitution. Rowley does not appeal the denial of these motions.

2

The postconviction DNA testing statute, RCW 10.73.170, allows a convicted person serving a prison sentence to request postconviction DNA testing. The trial court will grant the motion if "the convicted person has shown that the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3). We review a trial court's ruling on a motion for postconviction DNA testing for abuse of discretion. *State v. Thompson*, 173 Wn.2d 865, 870, 271 P.3d 204 (2012). A trial court abuses its discretion when its decision is manifestly unreasonable, or it bases its decision on untenable or unreasonable grounds. *State v. Magers*, 164 Wn.2d 174, 181, 189 P.3d 126 (2008). We may affirm on any basis supported by the record on appeal. *State v. Poston*, 138 Wn. App. 898, 905, 158 P.3d 1286 (2007).

We initially note that Rowley filed a vague motion for DNA testing of "all evidence preserved by law enforcement." CP at 55. He was clearly aware that the unsmoked cigarette was destroyed in 2013 as part of a routine evidence purge because he contested the destruction of the cigarette in his 2018 PRP. Nevertheless, the State and the trial court presumed Rowley was referring to testing of the cigarette in his 2021 motion and he did not rebut this presumption at the hearing. Accordingly, we give Rowley the benefit of the doubt and presume the cigarette was the subject of Rowley's motion.

The issue of DNA testing of the cigarette was already litigated in Rowley's 2018 PRP. There, we held that there was no error in not testing the cigarette for DNA because it was not exculpatory. That conclusion has not been undermined by this or any other court. Whether it was destroyed consistent with statutory guidance is immaterial if it is not exculpatory. Rowley fails to show that the DNA evidence would demonstrate innocence on a more probable than not basis as required under RCW 10.73.170(3). Accordingly, the trial court did not abuse its discretion in denying Rowley's postconviction motion for DNA testing.

II.    SAG CLAIMS

Rowley makes several assertions in his SAG.  However, they all relate to the arguments already set forth by counsel in his brief regarding DNA testing of the destroyed unsmoked cigarette.  We only consider SAG claims that have not already been adequately addressed by counsel.  RAP 10.10(a).  Therefore, Rowley's arguments are not properly before us and we do not further address them.

## CONCLUSION

We affirm the trial court's order denying Rowley's postconviction motion for DNA testing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____<br>
Veljacic, J.

We concur:

_____<br>
Cruser, A.C.J.

_____<br>
Price, J.