**FILED**
**JUNE 6, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39422-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CLAYTON DENNIS JONES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Clayton Jones appeals from his judgment and sentence for second degree assault, arguing he is entitled to resentencing without enhancements for sexual motivation and a deadly weapon. We reject this claim for relief. We instead remand with instructions to amend Mr. Jones's judgment and sentence so that it conforms with the factual findings necessitated by his 2004 guilty plea to second degree assault with sexual motivation and a deadly weapon. We further remand with instructions to strike the crime victim penalty assessment (VPA) and community custody supervision fees.

No. 39422-1-III
*State v. Jones*

FACTS

*2004 guilty plea and sentencing*

In 2004, Clayton Jones entered an *Alford*[1] plea to second degree assault with sexual motivation and a deadly weapon. On his "Statement of Defendant on Plea of Guilty to Sex Offense," he wrote "see attached copy of original information" for the elements of the charge he pleaded guilty to. Clerk's Papers (CP) at 9. Count II on the information alleged:

> SECOND DEGREE ASSAULT, committed as follows: That the defendant, CLAYTON DENNIS JONES, in the State of Washington, on or about August 03, 2004, did intentionally assault [M.L.], with a deadly weapon, to-wit: a knife, and the defendant being at said time armed with a deadly weapon other than a firearm under the provisions of RCW 9.94A.602 and [RCW] 9.94A.510(4), and further the defendant committed said crime with sexual motivation under the provisions of RCW 9.94A.835 and [RCW] 9.94A.030.

*Id.* at 1.

As part of the plea agreement, the parties agreed to a "24 month standard range sentence along with a 24 month weapon enhancement for a total sentence of 48 months." *Id.* at 12. Mr. Jones stipulated that his offense carried a maximum

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

2

term of life and acknowledged the offense included a mandatory deadly weapon

enhancement.

The 2004 judgment and sentence related to Mr. Jones's plea reflects he was found

guilty of "Second Degree Assault with Sexual Motivation-Domestic Violence . . . as

charged in the Information." *Id.* at 19.[2] Despite his plea, the court did not mark that it

made a special finding that the crime was committed with a deadly weapon, and it is

unclear whether it marked off a special finding for sexual motivation:

> [ ]   A special verdict/finding for use of **a deadly weapon other than a firearm** was returned on Count(s) ___. RCW 9.94A.602, 9.94A.533.
> [✗]   A special verdict/finding of **sexual motivation** was returned on Count(s) ___. RCW 9.94A.835

*Id.* at 20. The court did, however, clearly mark that the charged crime involved domestic

violence:

> contributed to the offense(s). RCW 9.94A.607.
> [✓]   The crime charged in Count(s)___2___ involve(s) **domestic violence.**

*Id.*

---

[2] Within this subsection of the judgment, the following statutes are listed: RCW 9A.36.021(1)(c); former RCW 9.94A.602 (1983), *recodified as* RCW 9.94A.825; and former RCW 9.94A.835 (1999). RCW 9A.36.021(1)(c) relates to second degree assault committed with a deadly weapon. RCW 9.94A.825 pertains to deadly weapon special verdicts and, other than recodification, remains unchanged since its adoption in 1983. Former RCW 9.94A.835 provides procedures for sexual motivation special allegations. This statute has had minimal amendments since 2004.

3

The court calculated Mr. Jones's offender score as five, resulting in an initial standard range sentence of 22 to 29 months with a maximum term of life. The judgment included a 24-month sentence enhancement in the box designated for either a firearm or deadly weapon enhancement, for an adjusted range of 46 to 53 months. Based on the range, the court sentenced Mr. Jones to 48 months confinement with a maximum term of life. Additionally, the court imposed community custody for life with the condition that Mr. Jones register as a sex offender. The court also imposed a $500 VPA, $110 in court costs, and a $100 DNA collection fee.

## 2022 Blake *resentencing*

In 2022, after nearly 18 years of incarceration, Mr. Jones returned to court for resentencing based on changes to his offender score as a result of our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).[3] At the hearing, the court resentenced Mr. Jones based on his new offender score and his conviction for "assault in the second degree with sexual motivation that has a domestic violence tag to it." 1 Rep. of Proc. (RP) (Dec. 5, 2022) at 6. The court added a 24-month enhancement

---

[3] In *Blake*, a conviction for possession of a controlled substance under former RCW 69.50.4013(1) (2003) was vacated after the Supreme Court held the former statute violated due process and was constitutionally void. 197 Wn.2d at 195. This decision has necessitated resentencing hearings for individuals held in custody under offender scores that were impacted by convictions under the former statute.

per "the domestic violence tag" for a new minimum of 37 months, and reinstated a

maximum term of life pursuant to the sexual motivation enhancement. *Id.* at 5-6; *see*

CP at 35-36. The court explained that, based on his crime of conviction, it could only

adjust Mr. Jones's low end of the sentence range, but that the high end would remain

life "because that's what the statute required." 1 RP (Dec. 5, 2022) at 6. The court

pronounced Mr. Jones's new sentence of 37 months to life, and required that he register

as a sex offender upon release as part of his lifetime community custody, consistent with

the original judgment and sentence. After finding Mr. Jones indigent, the court waived

the $110 in court costs and $100 DNA collection fee, but reinstated the $500 VPA,

stating "[t]he payments stay the same as were originally ordered." *Id.* at 8.

Mr. Jones interjected, stating, "There was no sexual motivation at all. There was

no—there was nothing sexual about this crime." *Id*. The court explained, "You pled guilty

to the Count II, the second degree assault with sexual motivation, which is why you were

being resentenced to a second degree assault with sexual motivation. You've indicated

that there was no sexual motivation involved, but that's what you entered a guilty plea

to." *Id.* at 9. Other than Mr. Jones's interjection after his sentence was pronounced, there

were no objections to the amended sentence. Once again, on the judgment and sentence

itself, the resentencing court did not mark that special findings were made for either a

5

deadly weapon or sexual motivation, but did mark that the crime involved domestic violence.

On December 19, 2023, the Department of Corrections requested clarification from the parties regarding the 24-month enhancement, noting inconsistencies in the findings and sentence imposed. Later that same day, Mr. Jones filed a notice of appeal of his amended judgment and sentence.

*Motion for relief from judgment under CR 7.8(b)(4)*

While Mr. Jones's appeal was pending before this court, the State moved in the trial court under CrR 7.8(b)(4) to amend the new judgment and sentence after it realized the discrepancies in both of the 2004 and 2022 judgments. The State sought to amend the judgment to add: (1) a special finding of a deadly weapon to support the 24-month enhancement, and (2) a special finding of sexual motivation to support the portions of Mr. Jones's sentence only possible with a finding of sexual motivation.

The superior court held a hearing on January 27, 2023. The State argued the omission of the findings on the original 2004 judgment and the 2022 amended judgment was a scrivener's error, claiming the original sentencing court in 2004 clearly intended to make the findings based on the plea agreement and the sentence given. Mr. Jones's counsel told the court that Mr. Jones's original attorney had informed her that the

24-month enhancement was because of the sexual motivation rather than a deadly weapon. No evidence was presented to corroborate this claim.

Upon review of the original plea, sentencing paperwork, the information, and statement of facts, the resentencing court granted the motion and amended the judgment to reflect findings of sexual motivation and a deadly weapon, stating both "should have been part of the original judgment and sentence." 1 RP (Jan. 27, 2023) at 20-21.

The State then filed a motion with this court to permit entry of the amended judgment and sentence pursuant to RAP 7.2(e). In a subsequent filing, the State asserted it was unable to procure a transcript of Mr. Jones's 2004 sentencing hearing. The original sentencing judge had retired, the original court reporter who covered the hearing had passed away, and current court reporters were unable to decipher the original court reporter's notes in order to produce a legible transcript. Mr. Jones opposed the State's motion to allow entry of the amended judgment and sentence.

A commissioner of this court denied the State's motion, finding the State failed to prove the 2004 sentencing court intended to enter findings of sexual motivation or use of a deadly weapon. A panel of this court denied the State's motion to modify the commissioner's ruling.

ANALYSIS

*Legality of sentence of incarceration*

Second degree assault is generally a class B felony with a statutory maximum of 10 years confinement. RCW 9A.36.021(2)(a); RCW 9A.20.021(1)(b). But under the Sentencing Reform Act of 1981, chapter 9.94A RCW, this maximum term can be increased based on sentencing enhancements. For example, if there is a finding of sexual motivation, second degree assault will be elevated to a class A felony with a statutory maximum of life. RCW 9A.36.021(2)(b); former RCW 9.94A.030(38)(c) (2001); former RCW 9.94A.835 (1999).[4] In addition, second degree assault can be accompanied by a 24-month sentencing enhancement if there is a special finding that the crime was committed through use of a deadly weapon. RCW 9.94A.533(4)(a).[5]

A sentencing enhancement that increases a defendant's maximum term of confinement is accorded the jury trial protections under the Sixth Amendment to the United States Constitution. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 494,

---

[4] At the time of Mr. Jones's original sentencing, the sexual motivation enhancement was found in former RCW 9.94A.712 (2001), *recodified as* RCW 9.94A.507. In addition, the definition for "sex offense" found in former RCW 9.94A.030(38)(c) is now located in RCW 9.94A.030(47)(c). Any subsequent changes to these statutory provisions are not relevant to the issues on review.

[5] The relevant portion of RCW 9.94A.533 was the same at the time of Mr. Jones's original sentencing hearing.

120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). What this means is that unless the defendant consents to a judicial fact-finding, a jury—not a judge—must make all required factual findings beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296, 310, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In the case of a guilty plea, the Sixth Amendment requires that the defendant admit all facts necessary for imposition of any aggravated sentence. *See id.* at 299, 310. If a defendant's guilty plea includes an admission to sentencing enhancements, then the facts necessary for the enhancements are deemed proven for purposes of the Sixth Amendment. *See State v. Dillon*, 142 Wn. App. 269, 275, 174 P.3d 1201 (2007).

The fact that a defendant enters an *Alford* plea as opposed to a traditional plea does not change the Sixth Amendment analysis. *See State v. Poston*, 138 Wn. App. 898, 902-903, 909, 158 P.3d 1286 (2007). An *Alford* plea is a guilty plea in which a defendant does not admit factual guilt but acknowledges that the State's evidence will likely result in a conviction. 400 U.S. 25. A court may accept an *Alford* plea only if it first "finds that it is knowingly, voluntarily, and intelligently made and that there is a satisfactory evidentiary basis to accept the plea." *In re Pers. Restraint of Cross*, 178 Wn.2d 519, 525-26, 309 P.3d 1186 (2013); *see* CrR 4.2(d). Thus, while a defendant technically does not admit guilt through an *Alford* plea, the independent factual basis found by the

court for each element of the crime substitutes for an admission of guilt, and the plea has

the same effect as a guilty plea. *State v. D.T.M.*, 78 Wn. App. 216, 220, 896 P.2d 108

(1995).

Here, Mr. Jones entered an *Alford* plea to count II of the information (second

degree assault), which included allegations of sexual motivation and use of a deadly

weapon. Mr. Jones does not challenge the nature of his plea or attempt to withdraw his

plea.[6] Given the court accepted Mr. Jones's plea in 2004, the facts required for the sexual

motivation and deadly weapon enhancements were necessarily established beyond a

reasonable doubt at the time of the plea as required by the Sixth Amendment.[7]

---

[6] The record supports that Mr. Jones did, in fact, plead guilty to assault in the second degree with sexual motivation and a deadly weapon. Mr. Jones submitted his plea on a statement on plea of guilty *to a sex offense*. *See* CP at 9. He specifically wrote on the statement that he pleaded guilty to second degree assault "with sexual motivation," and to the elements as charged on the information. *Id.* at 9, 15. The elements of the charge were that Mr. Jones intentionally committed the crime of assault while armed with a deadly weapon and with sexual motivation. *Id.* at 1. Mr. Jones's plea also stipulated that the crime he pleaded guilty to carried a maximum term of life. *See id.* at 10. Additionally, his plea acknowledged the offense he pleaded guilty to includes a mandatory deadly weapon or firearm enhancement. *Id.* at 14. It also shows the parties agreed as part of the plea to a 24-month standard range plus a 24-month "weapon enhancement." *Id.* at 12. Mr. Jones signed and acknowledged that he read and understood both the plea statement and offender registration attachment. *See id.* at 15.

[7] The fact that an *Alford* plea does not have preclusive effect in civil proceedings is irrelevant to our analysis.

Because the 2004 plea established the factual basis for the sexual motivation and deadly weapon enhancements, the 2022 resentencing court properly relied on the plea to impose the two sentencing enhancements. There was no further requirement of any independent fact-finding. Indeed, had there been a requirement of independent judicial fact-finding to justify the sexual motivation or deadly weapon enhancements, the sentence would violate the Sixth Amendment rule set forth in *Apprendi*.

Mr. Jones might be heard to argue that despite the fact the sentencing court was authorized to impose the two sentencing enhancements, it chose not to do so. To the extent Mr. Jones makes this argument, it is unconvincing. For one thing, the enhancements at issue were not optional. *See* former RCW 9.94A.712(1)(a)(ii), (3) (2001) ("[T]he court shall impose a sentence to a maximum term consisting of the statutory maximum for the offense" upon a finding of sexual motivation.); former RCW 9.94A.533(4)(e) (2002) ("[A]ll deadly weapon enhancements under this section are mandatory."). And in addition, the terms of incarceration imposed on Mr. Jones in both 2004 and 2022 reflected the 24-month enhancement required by the deadly weapon finding and the maximum life term required by the finding of sexual motivation.

The only error in this case was the failure to memorialize the sexual motivation and deadly weapons findings on the judgment and sentence form as required by former

11

RCW 9.94A.127(2) (1999), *recodified as* RCW 9.94A.835(2), and former RCW

9.94A.602 (1983), *recodified as* RCW 9.94A.825.[8] Because the task of correcting the

judgment and sentence to conform with the facts necessarily established by Mr. Jones's

guilty plea is purely ministerial, we remand with instructions that the trial court make the

applicable correction. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).[9]

*VPA*

Mr. Jones argues the recently amended VPA statute applies to his case pending

on direct appeal, and the VPA imposed on him should be struck accordingly from

his judgment and sentence. The State argues the amended VPA statute does not apply to

Mr. Jones's appeal from a *Blake* resentencing because the resentencing did not interrupt

the finality of his legal financial obligations (LFOs).

---

[8] The substance of the recodified statutes, which requires the court to make written findings, has not changed.

[9] Mr. Jones argues that our commissioner's ruling on the State's motion to permit filing of a second amended judgment and sentence is now law of the case and prevents the State from relitigating the issue of whether an amended judgment may issue. We disagree. The commissioner's ruling was limited to an assessment of the intent of the sentencing court in 2004. But because a *Blake* resentencing involves a full resentencing, it is the 2022 sentencing hearing that controls. *See State v. Dunbar*, 27 Wn. App. 2d 238, 243, 532 P.3d 652 (2023). This was not addressed in our commissioner's ruling. Furthermore, this court's denial of a motion to modify can be based on a variety of reasons and should not be interpreted as an adoption of the basis for commissioner's ruling.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court. In 2023, the legislature amended the statute to prohibit imposition of a VPA on indigent defendants. RCW 7.68.035(4), 5((b). The amendment took effect on July 1, 2023, and applies prospectively to cases pending on direct appeal that are not yet final. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

Mr. Jones's resentencing took place prior to the effective date of the amendment. His direct appeal of the judgment and sentence following a full *Blake* resentencing hearing is pending review. *See State v. Dunbar*, 27 Wn. App. 2d 238, 243, 532 P.3d 652 (2023) (*Blake* resentencings are full resentencing hearings.). Thus, Mr. Jones enjoys the benefit of the amended statute as his case is not yet final for the purposes of sentencing. Because the sentencing court found Mr. Jones to be indigent, we remand with instructions to strike the VPA from the judgment and sentence.

*Community custody supervision fees*

Mr. Jones argues the resentencing court erred by imposing community custody supervision fees because the 2022 amendments to former RCW 9.94A.703(2)(d) (2008), effective at the time of his resentencing, now prohibit the imposition of such fees. Although Mr. Jones did not preserve an objection in the trial court to community custody

No. 39422-1-III
*State v. Jones*

fees, this is not a bar to relief. *See State v. Blazina*, 182 Wn.2d 827, 832-34, 344 P.3d 680 (2015) (exercising discretion to review improper LFO raised for the first time on appeal). We therefore grant Mr. Jones his requested relief and remand with instructions to strike the community custody supervision fees.

CONCLUSION

We remand this matter with instructions to amend Mr. Jones's judgment and sentence to memorialize special findings of sexual motivation and a deadly weapon. We further remand with instructions to strike the VPA and community custody supervision fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

14