[No. 6300-0-II.   Division Two.   July 3, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. PETE
DEAN DIXON, *Appellant*.

*Albert Armstrong III,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael R. Foister, Sr., Deputy,* for respondent.

PETRICH, C.J.—Defendant Pete Dean Dixon appeals the trial court's denial of his motion to withdraw his guilty plea, claiming the trial court did not use the proper standard in reviewing his motion. Our review of the record reveals no error, and we affirm.

Defendant pleaded guilty to assault in the second degree as a result of plea bargaining on October 26, 1981. This guilty plea was a "Newton" plea, wherein defendant stated he believed the State could prove to a trier of fact, beyond a reasonable doubt, that he knowingly inflicted grievous bodily harm on Phillip Harry with a weapon. *See State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). This plea arose out of an alleged stabbing incident. Defendant was with a friend, Larry, and the victim, Harry, at Harry's home and all three were drinking heavily. Larry stated later to the police and third parties that defendant had stabbed Harry in an argument over money. Harry was found in his home with stab wounds. Defendant's defense was intoxication, but he felt the State's evidence would convince a jury beyond a reasonable doubt of his guilt. The trial court accepted defendant's guilty plea according to CrR 4.2. Defendant signed the appropriate statement under the rule and defendant admits on appeal that the trial court did not err in accepting his plea.

Prior to sentencing, defendant moved to withdraw his guilty plea. In his motion, defendant offered an affidavit from a woman who allegedly overheard defendant's friend, Larry, tell a third party that defendant had *not* stabbed Harry. The prosecution was unable to contact this woman, but did ask Larry to explain the statement. Larry denied ever making such a statement. The trial court denied defendant's motion to withdraw.

■ Defendant argues initially that the trial court did not use the proper standard in determining whether his guilty plea should be withdrawn. Defendant argues that in light of the nature of his plea, *i.e.,* a Newton plea which is an equivocal plea, the trial court should have used its own discretion, instead of the stricter standard set forth in CrR 4.2(f) and *State v. Taylor,* 83 Wn.2d 594, 595, 521 P.2d 699 (1974):

> The court shall allow a defendant to withdraw his plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.

Defendant's argument is not well taken, for he cites no authority for this dual standard approach, nor did he ask the trial court below to apply its discretion. The record shows defendant merely argued that his guilty plea was manifestly unjust in light of his newly discovered evidence.

Defendant has the burden of demonstrating a manifest injustice in light of all the surrounding facts of his case. *State v. Taylor, supra.* A trial court must exercise greater caution in setting aside guilty pleas once the safeguards of CrR 4.2(d) and (e) have been met. *State v. Taylor, supra.* Defendant does not contend the trial court erred in accepting the guilty plea. *State v. Taylor* recognized the following four indicia of "manifest injustice":

1. Denial of effective counsel,
2. Plea not ratified by defendant,
3. Plea was involuntary, and
4. Plea agreement not kept by prosecution.

*State v. Taylor, supra* at 598, held that if facts presented to the court in support of a motion to withdraw do not meet the above indicia, there must be a "showing that a manifest (*i.e.,* obvious, directly observable, overt or not obscure) injustice will occur . . ." if withdrawal is not permitted.

■ Defendant's motion to withdraw was not based on any of the above; rather, it was based on impeachment evidence. Although defendant's newly discovered evidence

would hardly justify a new trial under CrR 7.6,[1] the same standard should not necessarily apply to a Newton plea, where various constitutional rights are waived and the plea does not admit guilt but concedes the State's evidence would in all likelihood result in a conviction.

Nevertheless, defendant's claim that this newly discovered evidence shows that a manifest injustice would occur, since the factual basis upon which he pleaded guilty has changed, is without merit. This newly discovered evidence placed in balance with the record does not demonstrate a manifest injustice. The total factual basis for defendant's plea is substantially unchanged, given the bloodstains found on the defendant, the statements of the victim, Harry, and the inconsistent statements of the defendant. This evidence does not meet the obvious, directly observable standard of manifest injustice of *State v. Taylor, supra.*

Finding no error, we affirm.

PETRIE and REED, JJ., concur.

Reconsideration denied August 14, 1984.

Review denied by Supreme Court November 16, 1984.

---

[1]To form the basis for a new trial, newly discovered evidence must be such that its consideration would probably change the result at trial, discovered since the trial and undiscoverable despite due diligence prior to the trial, admissible and material to the issue involved, and not merely cumulative or impeaching. *State v. Goforth*, 33 Wn. App. 405, 655 P.2d 714 (1982); *State v. Letellier*, 16 Wn. App. 695, 558 P.2d 838 (1977).