**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 53930-6-II |
| MICHAEL HOWARD KEEN, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J.—Michael Howard Keen seeks relief from personal restraint imposed as a result of his 2017 plea of guilty to vehicular homicide by driving under the influence and first degree unlawful possession of a firearm. He argues that he should be allowed to withdraw his plea because it is necessary to correct a manifest injustice resulting from ineffective assistance of counsel. CrR 4.2(f); *State v. Dixon*, 38 Wn. App. 74, 76, 683 P.2d 1144 (1984).

The State initially charged Keen with two counts of vehicular homicide, one by driving under the influence and one by reckless driving. The State was also prepared to add two counts of first degree unlawful possession of a firearm, driving under the influence, and a sentence aggravator for lack of remorse. In return for Keen's plea of guilty to vehicular homicide by driving under the influence and one count of first degree unlawful possession of a firearm, the State agreed to dismiss the other vehicular homicide count, to forgo the additional charges and the sentence aggravator, and to recommend a sentence of 136 months, the high end of the standard range. Keen pleaded guilty, and the trial court sentenced him to 136 months.

The trial court entered Keen's judgment and sentence on January 5, 2018, making his January 3, 2019 motion to withdraw his plea timely filed. RCW 10.73.090(1), (3)(a).

Because the trial court had already entered judgment, Keen had to meet the requirements set forth in CrR 7.8 for withdrawing his plea. *See State v. Lamb,* 175 Wn.2d 121, 128, 285 P.3d 27 (2012). The trial court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

Once a CrR 7.8 motion is transferred to the Court of Appeals, the motion becomes subject to more rigorous pleading standards applicable to personal restraint petitions. *In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 639, 362 P.3d 758 (2015). But if a petitioner is successful with their ineffective assistance of counsel claim, they have shown actual and substantial prejudice to meet their burden in the personal restraint petition. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

Keen now argues that he received ineffective assistance of trial counsel when his counsel did not investigate the evidence supporting the vehicular homicide by driving under the influence before advising Keen to plead guilty and did not inform him before pleading guilty that he was facing a 136-month sentence. To establish ineffective assistance of counsel, Keen must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness under the circumstances and he was prejudiced as a result of his counsel's performance. *State v. McFarland*, 127 Wn.2d 322, 334-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

Keen does not demonstrate deficient performance regarding investigating the alcohol evidence underlying the vehicular homicide. His counsel obtained the toxicology results confirming the presence of benzodiazepines, cannabinoids, Xanax, and Tramadol in Keen's

blood sample. And a drug recognition expert evaluated Keen at the time of his arrest and opined he was under the influence of depressant and stimulant drugs. Keen asserts that he was told that the toxicology results indicated his "levels were within the legal limits." Br. of Pet'r at 7. But he does not provide any evidence to support this claim, and Keen's counsel's declaration does not corroborate this assertion. Keen's counsel's advice that Keen plead guilty to the vehicular homicide was not deficient performance.

Keen also does not demonstrate that his counsel failed to make him aware that he was facing a 136-month sentence. His statement on plea of guilty and the plea agreement, which he signed, state that the sentence range for the vehicular homicide was 102 to 136 months.

Keen does not demonstrate that he received ineffective assistance of counsel. Therefore, he fails to show that he is entitled to relief.

We note that on July 19, 2019, Keen filed in the trial court a second declaration and memorandum in support of his motion to withdraw his plea. In that second declaration, he asserted two new bases for ineffective assistance of counsel—his expression of doubt to his counsel about the cause of the victim's death and his having had manic episodes while in jail. The trial court also transferred that second declaration to us. But those new bases for ineffective assistance of counsel are not sufficiently similar to those in his first, timely, motion. They involve distinct facts and rest on distinct alleged deficiencies, and so they are time-barred. *In re Pers. Restraint of Tricomo*, __ Wn. App. 2d, __, 463 P.3d 760, 771-72 (2020).

No. 53930-6-II

Keen does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Melnick, P.J.

Cruser, J.

4